## Monongahela Water Co. *versus* Stewartson et ux.

1. Cross-examination must be confined to matters stated in the examination in chief, and to questions affecting the credibility of the witness.

2. In an action to recover damages for injuries received from falling into an excavation, defendant, on cross-examination, proposed to ask the plaintiff whether she had not agreed to waive her right to damages for a consideration: *Held*, that the question was properly-excluded.

3. The court allowed plaintiff's counsel to ask a witness whether or not, immediately prior to the putting up of a barricade around the excavation, he notified the party in charge of the work of the dangerous character of the place, and that a barricade was necessary, for the purpose of showing an admission of negligence on the part of the defendant company, by the erection of a barricade after the accident, and also to show that there was no barricade before: *Held*, that the question should have been excluded.

4. A witness who had known the plaintiff for a number of years before the accident and was with her several weeks thereafter was permitted to give her opinion of the injury upon the plaintiff's health: *Held*, that her opinion should have been excluded. The witness had no means of special knowledge or experience, and the jury, not herself, should have drawn the inferences from the facts she narrated.

November 3d 1880.    Before Sharswood, C. J., Mercur, Gordon, Trunkey and Sterrett, JJ.   Paxson and Green, JJ., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1880, No. 116.

Case by William B. Stewartson and Harriet N. Stewartson, his wife, in right of said wife, against the Monongahela Water Company, to recover damages for injuries received by Mrs. Stewartson through falling into an excavation.

The defendant is a company incorporated under statutes of Pennsylvania for the purpose of supplying water to that part of the city of Pittsburgh on the south side of the Monongahela river.   The pipes of the company extend along the streets of what was Birmingham, East Birmingham, Monongahela borough, Temperanceville, and other suburbs of the old city.   In the summer of 1876, the company, at the request of the citizens on the heights of Allentown, were laying pipes in the comparatively unsettled portions of the city.   For that purpose they employed William Dickson, who had sole and exclusive control of the excavation for pipe laying.   On the 14th of June 1876, an excavation was made in what is on the map as Plain avenue, an unpaved street.   The plaintiff, Mrs. Stewartson, saw the men at work at the excavation during the 14th.   On that evening she alleged that she was proceeding down an alley leading into Plain avenue and fell into the excavation and sustained the injuries complained of.

The trial was before Kirkpatrick, A. L. J.

The verdict was for plaintiffs, and after judgment thereon defendant took this writ alleging that the court erred as follows :—

1. In excluding the testimony sought to be elicited from plaintiff by the following question :—

" Q. Didn't you arrange (through Daniel Wenke) with the officers ·of the company, that if they would not charge you with any water, you would not find any fault with them about the matter ?"

2. In excluding the question proposed by defendant's counsel to plaintiff, as follows :

To ask witness whether she did not say to Stengle (superintendent of defendant company) that she had been only a little scratched ?

3. In admitting the following offer : Plaintiff's counsel propose to ask the witness whether or not immediately prior to the putting up of the barricade, he notified the party in charge of the work of· the dangerous character of the place, and that a barricade was necessary, for the purpose of showing an admission of negligence upon the part of the defendant company, by the erection of a barricade after the accident, and also to show that there was no such barricade before.

4. In admitting the question of plaintiff's counsel to the servant girl, Miss Fern : " From your knowledge of the woman before and after the accident,· could you tell us what effect it had upon her health ?"

5. In admitting the question of plaintiff's counsel to Dr. Case : " From your professional knowledge of Mrs. Stewartson's condition, will she ever be a healthy woman ?"

*Thomas M. Marshall,* for plaintiff in error.—The first assignment of error is to the ruling of the court upon the cross-examination of plaintiff. She had been examined at length as to the alleged injuries to her person, their extent, &c. The defence proposed to ask her if she had not agreed to waive her right to damages if the company would grant her immunity from water-rent. The question, if answered in the affirmative, tended to show that she was not greatly injured. We contend that a large latitude of cross-examination is allowable when the party is a witness testifying to the extent of injuries which mainly consisted of "pain and anguish," and the truth of which rests entirely in the veracity of the witness.

Immediately after the injuries to the plaintiff, Mr. Stengle called upon her and had a conversation as to the extent of her injuries. Knowing this fact, after the plaintiff had been examined in chief as to the extent of her injuries by falling into the excavation, in cross-examination we proposed to inquire if she had not said to Mr. Stengle, superintendent of the defendant company, that she had " only been a little scratched " by the fall into the ditch. This went directly to the question of the extent of the damages.

The pretence that a notice by a third party to the workmen em-

ployed at the excavation tended to prove an admission of negligence on the part of the company is beyond precedent. The offer and assignment of error is all that is deemed necessary. The fourth error is to the admission of a servant girl as an expert.

*W. C. Moreland* and *Hampton & Dalzell*, for defendants in error. —Cross-examination must be confined to the matters which have been stated in the examination in chief. A party will not be permitted to lead out new matter, constituting his own case, by the cross-examination of his adversary's witness: Ellmaker *v.* Buckley, 16 S. & R. 72; Floyd *v.* Bovard, 6 W. & S. 75; Mitchell *v.* Welch, 5 Harris 339; Turner *v.* Reynolds, 11 Id. 199; Jackson *v.* Litch, 12 P. F. Smith 455.

The court permitted the plaintiffs to show that the police officer on duty on the street where the accident happened, warned the party in charge that a barricade was necessary, and that after said warning one was erected. Dickson was certainly the proper party to notify. He was in charge of the work, and notice to him was notice to the defendant: Frazier *v.* Penna. Railroad Co., 2 Wright 104. To prove the putting up of the barricade was competent on the question of negligence: Penna. Railroad Co. *v.* Henderson, 1 P. F. Smith 315; McKee *v.* Bidwell, 24 Id. 218.

Miss Fern had been Mrs. Stewartson's neighbor for eleven years, and her nurse after her injury. Dr. Case was her family physician. Surely both were competent to give an opinion as to the result of the injury. The competency of a person to give his opinion as an expert, if on a preliminary examination he appears to have any pretensions to speak as such, rests much in the discretion of the judge trying the cause: Ardesco Oil Co. *v.* Gilson, 13 P. F. Smith 147.

Mr. Justice TRUNKEY delivered the opinion of the court, November 15th 1880.

Cross-examination must be confined to matters stated in the examination in chief, and to questions affecting the credibility of the witness. A party will not be permitted to leave out new matter constituting his own case: Jackson *v.* Litch, 12 P. F. Smith 451. Where the plaintiff testifies in his own behalf, the defendant has no right to introduce his defence on the cross-examination; at the time of making his defence he may examine the plaintiff in chief as if under cross-examination: Malone *v.* Dougherty, 19 P. F. Smith 46. The question, made the subject of the first assignment of error, was whether the plaintiff had not agreed to waive her right of damages for a consideration. That was matter of defence— it was not said to be for another purpose—and the court rightly overruled it.

The second assignment is the refusal of the court to permit the

defendant, on cross-examination of the plaintiff, to ask whether she did not say to Stengle that she had been only a little scratched. The witness had already stated that Stengle was at her house the next day after the accident. In chief she testified that she was severely hurt. Had she answered the question affirmatively, it would have tended to show her view of the injury at the time; if negatively, ground would have been laid for contradiction. The question directly related to the subject of her examination in chief and was admissible.

Reese testified that a barricade was put up the next morning after the accident, and that was competent on the question of negligence: McKee v. Bidwell, 24 P. F. Smith 218. Then the plaintiff was allowed " to ask the witness whether or not, immediately prior to the putting up of the barricade, he notified the party in charge of the work of the dangerous character of the place and that a barricade was necessary, for the purpose of showing an admission of negligence upon the part of the defendant company, by the erection of a barricade after the accident, and also to show that there was no such barricade before." This notice was after the accident; so, also, was the admission of the person in charge of the work; altogether too long after for declarations of an agent to be competent. Frazier v. Pennsylvania Railroad Co., 2 Wright 104, cited in support of the offer does not apply. There testimony was rejected relating to the knowledge of the superintendent prior to the accident, and nothing in the case touches admissions by a laborer or agent. The admission by an agent as to a past occurrence is not evidence against his principal: Fawcett v. Bigley, 9 P. F. Smith 411; Pennsylvania Railroad Co. v. Titusville & Pithole Plank Road Co., 21 Id. 350; Bigley v. Williams, 30 Id. 107. The third assignment of error must be sustained.

We are also of opinion that the fourth assignment is well taken. Miss Fern was acquainted with the plaintiff before the accident and was with her a number of weeks after. It does not appear that she had any experience whatever to qualify her to speak as an expert, and yet she was permitted to give her opinion of the effect of the injury upon the plaintiff's health. She was positive that the accident had a very bad effect, but had she been an expert she might have been as doubtful of the cause of the plaintiff's subsequent ill health as was Dr. Case. No better illustration than this can be given of the propriety of excluding opinions of persons who have no knowledge or experience on the subject. It was said by the present chief justice that no clearly defined rule can be found as to what constitutes an expert. Much depends on the nature of the question in regard to which an opinion is asked. While, undoubtedly, it must appear that the witness has enjoyed some means of special knowledge or experience, no rule can be laid down in the nature of things as to the extent of it: Ardesco Oil Co. v. Gilson, 13 P. F.

[Monongahela Water Co. *v.* Stewartson.]

Smith 146. This witness had no means of special knowledge or experience, and the jury, not herself, should have drawn the inferences from the facts she narrated.

The fifth assignment is not sustained.

Judgment reversed, and a *venire facias de novo* awarded.