# Ake *v.* City of Pittsburgh, Appellant.

*Negligence—Municipalities—Streets—Hole in cartway—Contributory negligence—Expert testimony—Case for jury.*

1. When all the circumstances can be fully and adequately described to the jury and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or other, are not admissible.

2. Where an accident occurred in consequence of a person having driven into a hole in a public street under conditions fully described by the witnesses, expert testimony cannot be received as to whether or not deceased could have avoided the accident.

3. In an action against a city to recover damages for the death of the plaintiff's husband it appeared that the accident was caused by the overturning of the decedent's wagon in consequence of his having driven into a hole about three feet wide and sixteen to twenty inches deep in the road bed of a public street in defendant city; that there were numerous unusual conditions, obstructions and irregularities at and about the place of the accident including a stone pile and a plank foot path not perfectly level with the street to which the decedent was obliged to pay heed; that the hole was in the path which under the surrounding conditions any one who drove in the direction taken by the decedent was obliged to use and that it had been there for at least three weeks; and there was no testimony to indicate that the deceased was driving in a careless or reckless manner. *Held,* that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

Argued Oct. 22, 1912. Appeal, No. 106, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny County, Dec. T., 1908, No. 142, on verdict for plaintiff in case of Margaret Ake v. City of Pittsburgh. Before Fell, C. J., Brown, Mestrezat, Stewart and Moschzisker, JJ. Affirmed.

Trespass to recover damages for personal injuries causing the death of plaintiff's husband. Before Davis, J.

The opinion of the Supreme Court states the facts.

At the trial a witness produced on behalf of the defendant was asked the following questions:

"Question: If a person was driving a one-horse heavy spring wagon down that street, if he was driving it properly, tell us whether or not he could drive safely past Vinecliff street down to Carson street?

Objected to as a matter of opinion.

Objection sustained." (3)

"Question: With a person in a one-horse heavy spring wagon standing up, with the horse under control, walking down or coming at a slow jog down Sycamore street in broad daylight with the road in the condition that it then was, could he drive past Vinecliff street down to Carson street without upsetting the wagon?

Objected to as a matter of opinion of the witness and incompetent.

Objection sustained and bill sealed for defendant." (4).

"Question: If on Sycamore street on July 20th, 1908, there was a stone pile sixteen inches high, twelve to twenty feet above the plank crossing at Vinecliff street, extending four or five feet into the roadway from the right-hand side going down Sycamore, with a sewer drop or manhole in front of it two or three feet from the boardwalk, and a hole immediately below the Vinecliff street plank crossing two or three feet from the left side of the road, the hole being at least three feet long and three feet wide at the surface and approximately eighteen inches deep, and a gutter below Vinecliff street at the left-hand side of Sycamore extending from the left-hand side of the road four feet, could a person standing up in a one-horse empty heavy spring wagon, with the horse walking down Sycamore street or going at a slow jog, in daylight drive past Vinecliff down to Carson street without upsetting the wagon?

Objected to for the same reason as above.

Objection sustained and bill sealed for defendant."
(5)

Verdict and judgment for plaintiff for $5,000.00.  Defendant appealed.

*Errors assigned* were (1) refusing a motion for judgment for defendant n. o. v.; (2) refusing binding instructions for defendant; (3, 4, 5) rulings on evidence.

*Harry Diamond,* with him *Charles A. O'Brien,* for appellant.—The deceased was guilty of contributory negligence: Smith v. Philadelphia, 217 Pa. 118.

*L. K. Porter,* with him *S. G. Porter,* for appellee.—The case was for the jury: Rauch v. Smedley, 208 Pa 175; Menner v. Delaware & Hudson Canal Co., 7 Pa. Superior Ct. 135; Texas & Pacific Railway Co. v. Cox, 145 U. S. 593 (12 Sup. Ct. Repr. 905); Dunlap v. Railroad Co., 130 U. S. 649 (9 Sup. Ct. Repr. 647); Gardner v. Railroad Co., 150 U. S. 349 (14 Sup. Ct. Repr. 140).

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

Margaret Ake brought an action of trespass against the City of Pittsburgh to recover damages for the death of her husband.  On July 20, 1908, at about six o'clock in the evening, the latter was driving a one-horse "spring-wagon," such as is commonly used in the huckstering business, in a northerly direction on Sycamore street (a public thoroughfare running from the top of Mt. Washington down to Carson street in the City of Pittsburgh); when he reached Vinecliff street his wagon was overturned and he was thrown beneath it and killed. At the point where the accident occurred Sycamore street is intersected on its western side by Vinecliff street, and at this place two planks were laid across Sycamore street to provide a foot-path for pedestrians who might desire to cross to its eastern side.  A short

distance above this plank foot-path on the right hand side coming down there was a man-hole projecting slightly above the surface of the street, and immediately above this on the same side there was a pile of stones about three feet high and covering about four feet of the roadway, leaving not more than ten or twelve feet of free open space for the passage of wagons, and making it necessary for anyone who drove down hill in the direction taken by the decedent to turn to the left. Immediately below the plank foot-path on the left hand side coming down there was a hole in the roadbed about three feet wide and from sixteen to twenty inches deep (which caused the accident in this case), and below this a little further to the left there was a ditch or open sewer six or eight feet long, three feet wide and about four feet deep; this portion of Sycamore street was steep, unpaved, and about fifteen feet in width. Just prior to the accident the deceased was seen driving down the hill toward Vinecliff street, standing on the footboard of his wagon, with his horse going at a slow jogtrot; immediately after passing over the plank foot-path his wagon upset and he was taken from beneath it, a short distance below the above described hole, in a dying condition. Witnesses for the plaintiff testified that the hole was in the path which, under the surrounding conditions, wagons coming down the hill were obliged to use, and had been there for at least several weeks. The jury brought in a verdict for the plaintiff and the defendant has appealed.

The appellant contends that under the evidence it should have been held as a matter of law that the deceased was guilty of contributory negligence, and that the defendant was entitled to judgment non obstante veredicto; further, that the trial judge erred in excluding expert testimony offered to show that the deceased could have driven past the place of the accident in safety. A review of the entire record convinces us that the defendant's negligence and the decedent's contribu-

tory negligence were properly submitted to the jury. There was no testimony to indicate that the deceased was driving in a careless or reckless manner, and it may well be, as stated by one of the plaintiff's witnesses, that "the man couldn't see the hole until he was into it." The evidence shows that Sycamore street had a slight curve in it; the decedent was obliged to avoid the stone pile, to give some attention to crossing over the plank foot-path (which was not perfectly level with the street), and to pay heed to the numerous other unusual conditions, obstructions and irregularities at or about the place of the accident; hence, it could not be said as a matter of law that he was guilty of contributory negligence. The defect in the road-bed had existed for a sufficient length of time and was of such a character as to make the defendant's negligence also a question for the jury. All of the pertinent facts concerning this defect and its surroundings were so circumstantially detailed that the triers had ample material to form correct conclusions as to anyone's ability to drive past the hole safely, without the aid of opinions from expert witnesses. "When all the circumstances can be fully and adequately described to the jury and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or other, are not admissible": Graham v. Penna. Co., 139 Pa. 149, 159.

The assignments are all overruled and the judgment is affirmed.