# Critzer et ux. *v.* Donovan et al., Appellants.

*Practice, C. P.—Trial—Evidence—Motion to strike out objectionable testimony—Appeals—Review.*

1. Where improper testimony has been admitted without objection at the time, it is proper practice for counsel to make a motion before the witness has left the stand, to strike the testimony from the record, in which case the ruling of the court will be reviewed.

*Negligence — Automobiles — Reckless driving — Intoxication — Odor of alcohol on breath—Evidence.*

2. Where reckless or careless driving of an automobile is the matter at issue, proof of intoxication is relevant.

3. Where the action is against the owner of the automobile, evidence of intoxication is admissible, not for the purpose of punishing the owner who is not responsible for the condition of the driver, but merely as a circumstance from which recklessness or carelessness may be inferred; care should be taken as to the use of such evidence.

4. The odor of liquor on a man's breath is not a sufficient basis to justify the admission of the opinion of a witness that the person in question was intoxicated.

5. Standing alone, the odor of liquor is not proof, nor is it evidence, of intoxication; joined with other facts it may become so.

6. Where there is no evidence in the case that the driver of an automobile, whose alleged negligence caused injuries, was in-

toxicated, a statement by a witness that he smelled alcohol on his breath should be stricken out.

7. Such a statement tends to create an unfair prejudice in the minds of the jury, and to raise the issue in their minds as to whether the driver was or was not intoxicated.

8. Proof of the odor of liquor is admissible for certain purposes, but its natural consequence is not reckless driving.

9. If the driver of the car was not intoxicated or driving while under the influence of liquor, the fact that he may have taken a drink has no bearing on the question of his negligence.

10. Such testimony, in the absence of other evidence, should not have entered into the determination of the case.

*Negligence—Damages—Condition of nerves—Opinion of witness—Lay opinion.*

11. A lay witness may be qualified by ordinary experience to testify to certain matters involving health and bodily soundness, but not as to matters of medical science where special skill is required.

12. A lay witness cannot express an opinion as to the physical state of a person's nerves, where such state cannot be determined by external observation.

13. While a husband in an accident case may be asked whether his wife had been nervous since the accident, he cannot be asked "How have her nerves been since the accident?"

*Negligence—Automobiles—Admission of driver as to carelessness.*

14. In an automobile accident case, where it is sought to show by the driver's own testimony that he had admitted he drove his car recklessly, the attention of the witness should be directed to the specific conversation in which the alleged admission was made, and to whom it was made.

*Practice, C. P.—Trial—Order of arguments.*

15. On the trial of a case, counsel should not ask, and the court should not grant, any change in order in summing up, unless the court in its discretion thinks such action is warranted or necessary.

Argued February 8, 1927. Before FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeals, Nos. 78, 80 and 81, from judgment of C. P. Northumberland Co., May T., 1924, No. 309, on verdict for plaintiffs, in case of Reuben Critzer and Hazel Crit-

zer, his wife, v. Jerry F. Donovan et al., trading as Donovan & Bressler.   Reversed.

Trespass for personal injuries.   Before STROUSS, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Hazel Critzer for $1,200 and for Reuben Critzer, her husband, for $5,000.   Defendants appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*George B. Reimensnyder* and *J. A. Welsh,* with them *Hiram J. Bloom,* for appellants.—The husband was not competent to testify as to condition of wife's nerves: Lombard, etc., Pass. Ry. v. Christian, 124 Pa. 114.

At most this testimony was the expression of the opinion of the witness, which he was not qualified, either by experience or education, to give: Graham v. Penna. Co., 139 Pa. 149; Chambers v. Machine Co., 251 Pa. 618; Schuette v. Swank, 265 Pa. 576.

A witness, for the purpose of contradiction, should not have been permitted to be asked whether he admitted he was guilty before the justice, where the justice's docket showed no such record: Com. v. Ferguson, 44 Pa. Superior Ct. 626; Becker v. Phila., 217 Pa. 344.

Evidence of odor of liquor on driver's breath cannot be admitted when there is no allegation of intoxication: Laubach v. Colley, 283 Pa. 366.

*J. Fred Schaffer,* with him, *Cummings & Gubin,* for appellees.—The witness did not undertake to give his opinion of the effect of the injury on his wife's nerves, nor was he asked any such question; he testified to what he saw respecting her actions.

The admission of the testimony of Reuben Critzer complained of in this assignment is fully justified in the cases of Com. v. Eyler, 217 Pa. 512; Baldi v. Ins. Co., 18

Pa. Superior Ct. 599; Thompson v. Stephens, 71 Pa. 161.

Intoxication is a matter of common observation on which the opinions of nonexperts are admissible: Com. v. Eyler, 217 Pa. 512.

OPINION BY MR. JUSTICE KEPHART, March 21, 1927:

Mrs. Critzer, while standing on the pavement waiting for a street car, was struck and injured by appellant's truck. The circumstances of the accident are not material to the questions before us, as it is admitted the case was for the jury on the negligence of defendants and no question of contributory negligence was raised. A verdict and judgment having been given for plaintiffs this appeal, based upon trial errors, was taken. We do not propose to review separately all of the many assignments but will point out those where error has been committed and refer to some others.

Appellants were charged with reckless driving of a truck. As proof of this fact, the testimony of Dr. Rice was submitted to the effect that he smelled the odor of alcohol on the breath of the driver. No objection was interposed by counsel at the time, but before the witness left the stand a motion was made to strike the testimony from the record. This was in accordance with our practice as settled in Forster v. Rogers Bros., 247 Pa. 54, 63, 64. We have then before us the question of the admissibility of this evidence.

It may be conceded that, in an action wherein reckless or careless driving is the matter at issue, proof of intoxication would be relevant: Alexander v. Humber, 86 Ky. 565, 6 S. W. 453, 454. When evidence of intoxication appears in a case such as this it is offered not for the purpose of punishing the owner of the vehicle who is not responsible for this condition of the driver, but to show a circumstance from which recklessness or carelessness of the driver may be inferred. Care should then be taken as to the use of such evidence. There was no alle-

gation or proof of intoxication, nor was there any evidence of conduct or appearance from which a reasonable inference could be drawn that the man was intoxicated except as found in the statement that the witness "smelled liquor" on the driver's breath after the accident. It was definitely decided in Laubach v. Colley, 283 Pa. 366, 370, that this was not a sufficient basis to justify the admission of the witness's conclusion that the person in question was intoxicated. See also Chairez v. State, 98 Tex. Crim. Rep. 433, 265 S. W. 905. Standing alone the odor of liquor does not prove, nor is it evidence of, intoxication; joined with other facts it may become so: Com. v. Eyler, 217 Pa. 512. Hence it was error for the trial court to admit the evidence as proof of intoxication.

Since there was no evidence that Kane, the driver, was intoxicated, was the testimony otherwise competent? In view of the issues here raised we think it was not competent for any purpose. Proof of the odor of liquor is admissible for certain purposes, but its natural consequence is not reckless driving. Certainly if the driver was not intoxicated or driving while under the influence of liquor, the fact that he may have taken a drink has no bearing on the question of his negligence. Such testimony directly tends to raise in the minds of the jurors another issue,—whether he was intoxicated,—which, in the absence of other evidence, should not have entered into the determination of the case. Moreover, this question was of such nature as to create an unfair prejudice against the driver and the owner. This was intensified by the comment in the charge of the court which was predicated on the fact that the odor of alcohol was substantive proof of intoxication or of being under the influence of liquor. For these reasons the testimony should have been stricken out. See Cunningham v. Smith, 70 Pa. 450, 457, 458, and Wigmore on Evidence, section 1904.

Plaintiff's husband was called as a witness in her behalf. In the course of his testimony he was asked, under

objection, the following question: "Q. How have her nerves been since the accident?" which was answered, "She has very poor nerves now." The objection to the question is on the ground that it called for an expression of opinion and was inadmissible under the principle stated in Chambers v. Mesta Machine Co., 251 Pa. 618, 623, to the effect that, where the facts are susceptible of full and adequate development before a court, opinion evidence is inadmissible. See also Ake v. City of Pittsburgh, 238 Pa. 371, 375; Graham v. Pennsylvania Co., 139 Pa. 149, 159. It would seem, however, that the question here presented does not fall within the rule just stated. A witness may give his opinion as to whether a person is intoxicated: Com. v. Eyler, 217 Pa. 512. Furthermore, a witness may give his opinion, based on sufficient facts, upon the question of a person's sanity: Hepler v. Hosack, 197 Pa. 631, 641. And in Wigmore on Evidence, 2d ed., 193, section 1974, it is stated: "The opinion rule is often sought to be applied to forbid descriptions of the *appearances externally indicating internal states,*—for example, whether a person "looked" sick or sad or angry." Under this rule there could be no doubt that, had the witness been asked whether his wife had been "nervous" since the accident (People v. Wong Loung, 159 Cal. 520, 114 Pac. 829; State v. Vanella, 40 Mont. 326, 106 Pac. 364), or whether she had been "in a nervous condition" (Chicago City R. Co. v. Bundy, 210 Ill. 39, 71 N. E. 28), his testimony would clearly have been admissible. Here, however, the question called for testimony as to the nerves themselves,—their physical state, whether they were healthy or diseased,—and not for the expression of an opinion as to plaintiff's general nervous condition as evidenced by some external appearance, observable to the eye. Consequently, while the evidence was not barred by the opinion rule, the question still remains as to whether the witness was qualified to give an opinion which would be of any value to the court and jury.

There can be no doubt that a lay witness may be qualified by ordinary experience to testify as to certain matters involving health and bodily soundness. On the other hand, where matters of medical science, as such, are concerned, some special skill is required. Thus a lay witness cannot testify that a person had a particular disease (McLean v. State, 16 Ala. 672, 679; Ashland v. Marlborough, 99 Mass. 47; American Accident Co. v. Fidler, 18 Ky. L. Rep. 161, 35 S. W. 905) ; that a woman was pregnant (Boies v. McAllister, 12 Me. 308) ; that pneumonia was caused by an enforced journey under an attachment (Zimm v. Rice, 161 Mass. 571, 37 N. E. 247) ; that the witness's mother "suffered in her head and in her stomach" (Lombard, etc., Ry. Co. v. Christian, 124 Pa. 114, 123) ; or as to what effect the accident had upon the plaintiff's health (Monongahela Water Co. v. Stewartson, 96 Pa. 436). The physical state of plaintiff's nerves, in this case, could not be determined by external observation, and the opinion of a nonexpert witness could not, therefore, be of any value. In view of this, the succeeding question, whereby counsel for appellee attempted to construct a basis for this opinion, did nothing to remedy the situation. Because of the answer given, we might not reverse on this assignment alone, but the question was improper and on retrial must not be repeated.

Objection is made to the admission of questions which tended to show that the driver had admitted he drove his car recklessly; this is based on the fact that in laying proper ground for contradiction the witness's attention should have been directed to the specific conversation,—to whom the admission was made, and enough of that conversation should have been stated to enable him to answer it correctly or to contradict him if he answered incorrectly. The justice's docket was not at that time offered in evidence, nor was the charge or anything from the charge read to the witness. The witness was not asked to state precisely what he had said. Moreover,

the question called for a conclusion, the result of all the conversation relating to the incident in question. This was not a proper examination and, of course, can be corrected on the next trial.

Attention is most urgently called to the cross-examination of defendant's physician. Without going into this matter in detail, we suggest that the witness was too severely handled in cross-examination. Insofar as the argument before the jury is concerned, counsel should not ask, and the court should not grant, any change in the order in summing up, unless the court in its discretion thinks such 'action is warranted or necessary. Comment is made on the size of the verdict. We feel that it is high, but as the case is going back for another trial it is unnecessary to consider the question.

The case has been hotly contested, and from our examination of the record it appears counsel permitted the spirit of the trial to border closely on forbidden ground, if, in some instances, they did not actually invade it. As the case goes back for retrial, the ardor of counsel must be dampened by the decorum proper in judicial trials.

The judgment of the court below is reversed and a venire facias de novo awarded.