## Parker v. Ellis

Before McCune and Curran, JJ.

*Bloom, Bloom & Yard,* for plaintiff.
*Thomas L. Anderson,* for defendant.
*S. L. Rodgers,* for additional defendant.

McCUNE, J., April 7, 1964.—We are here considering original defendant's motion for a new trial. He has made a motion for judgment n. o. v. also but is not pressing it.

The trial, concluded February 23, 1963, resulted in a verdict of $8,000 for wife plaintiff, Priscilla A. Parker and $1,840.72 for husband plaintiff, Donald M. Parker against the original defendant, Robert Ellis, Jr. There was a finding in favor of Donald M. Parker, additional defendant. The wife's verdict was for personal injuries and Donald M. Parker's verdict was for expenses growing out of the personal injuries of his wife and for his property damage as well. His verdict is for no more than his out-of-pocket expenses and property damage.

The injuries grew out of an automobile accident which occurred about 12:30 a.m. on May 13, 1960, on Fourth Street in Monongahela City, Route 31. Mr. and Mrs. Parker were traveling in a southeasterly direction, intending to turn to their left into Williams Street. Ellis was traveling northwestwardly. The cars collided at a location which was in serious dispute. Plaintiff claimed the collision occurred on his side of the street and Ellis claimed he was on his side of the street and Parker turned in front of him.

The motion for new trial lists 16 reasons but we take it from the briefs filed and arguments, that counsel for the original defendant stresses particularly numbers 8, 11, 12, 14 and 15, which he lumps into three general objections in his brief and argument. We will consider these three subjects in order.

*First: The error charged in admitting testimony as to intoxication.*

Although the complaint and two amendments thereto made no reference to the intoxication of Ellis or to the fact that he was under the influence of liquor or had imbibed liquor, the learned trial judge permitted Donald M. Parker to testify over objection that immediately following the accident Ellis smelled like liquor, that the smell was pretty strong, that he was walking but "more staggering;" that Parker was helping Ellis

walk; that his speech was irregular; that Ellis said "let's go have another drink;" that Ellis told a policeman he had been drinking and finally Parker was allowed to say Ellis was drunk.

Following this, Officer Pala, a Monongahela policeman, was permitted, over objection, to testify that he saw Ellis at the emergency room of the Monongahela Hospital and Pala smelled drink on Ellis and Ellis told Pala he had drunk a couple of beers and then Officer Esper, another Monongahela policeman, was permitted to testify that at the same time and place he smelled alcohol on Ellis' breath and heard him say he had been drinking. Mildred Bartko, Mrs. Parker's mother, testified on cross-examination by counsel for additional defendant (Parker) that Ellis at the emergency room was reeking with alcohol.

Counsel for original defendant takes strong objection to the ruling permitting this testimony; first, because the issue was not plead; secondly, testimony of drinking or the smell of liquor is, he contends, not admissible because it doesn't prove that one is under the influence; and thirdly, as we understand it, he contends Parker should not have been allowed to say Ellis was drunk. He argues that Ellis had just emerged from the wreck and Parker's story indicated it was rehearsed and under the circumstances, no proper foundation existed on which to allow Parker to say Ellis was drunk.

The complaint states that the injuries, etc., were the sole result of the recklessness, carelessness and negligence of defendant and then lists the particular aspects in which defendant was careless.

Is admission of the testimony aforesaid then error? Counsel for plaintiff cites two cases for the proposition that such evidence is admissible even though not plead. Neither case flatly holds this. In the case of Risbon v. Cottom, 387 Pa. 155, a medical witness for the plaintiff

(Cottom) said that when he examined defendant (Risbon) shortly after the accident, he thought Risbon had been drinking. Risbon's counsel moved for the withdrawal of a juror because the complaint made no mention of drinking. On appeal, counsel tried to shift his ground and then argue that this was prejudicial because the testimony didn't show driving under the influence and it is well known that mere testimony as to drinking should not be admitted. The trial judge had overruled counsel's motion to withdraw a juror and thus we have the trial judge's ruling on the question whether drinking has to be plead.

Justice Jones, who wrote the opinion, would not allow counsel to shift his argument in the Supreme Court. However, Justice Jones did cite, apparently with approval, Critzer v. Donovan, 289 Pa. 381, and quoted it to the effect that "in an action wherein reckless or careless driving is the matter at issue, proof of intoxication would be relevant: [citing] Alexander v. Humber, 86 Ky. 565, 6 S. W. 453, 454." Justice Jones goes on to say that in the annotation in 26 A. L. R. 2d 352, the Critzer case is cited and discussed as supporting the general rule which is stated to be that "in nearly all of the vehicle accident cases in which the question has arisen . . . it has been held or recognized that evidence tending to prove . . . intoxication was admissible, *notwithstanding the pleading failed to allege such intoxication*" (emphasis is Justice Jones'). The Supreme Court in the Risbon case then held that counsel, who now admitted he was wrong, couldn't change his reason for his motion.

In the Critzer case, supra, 289 Pa. 381, Justice Kephart also quotes Alexander v. Humber, 86 Ky. 565, 6 S. W. 453, apparently with approval, but the Critzer case *holds* that, standing alone, the odor of liquor does not prove, nor is it evidence of intoxication, but joined with other facts, it may become so.

Thus it appears that neither the Risbon case or the Critzer case squarely rules the question before us. In fact, the Critzer case has been misquoted.

Further, a careful reading of all the annotations in 26 A. L. R. 2d 352, will disclose that it is not true that nearly all of the cases hold that intoxication can be proved although not pleaded. A great many cases are reviewed and without actually counting the ones for and the ones against such a rule, it is apparent that they are about evenly divided and depend a great deal on the system of pleading used in the various states from which the cases emanate. In some States, fact pleading is not required and in some States it is apparent that the requirements of pleading are much like ours. It would do no good to analyze all of these cases. The ones reviewed in 26 A. L. R. 2d 352, which most appeal to our reason, are those which hold that intoxication need not be plead because it is a circumstance to be considered with all other circumstances surrounding the accident like the weather, whether it was foggy or not, whether the road was wet and slippery, whether the driver could see, whether he had fallen asleep or what it was that had caused him to drive to the wrong side of the road, if that is the negligence alleged. These cases point out that intoxication alone is not negligence or proof of negligence. It is entirely possible to be intoxicated and, at a given time, to be driving in a prudent manner. In fact, the stories are numerous about drunken drivers who are stopped at a stop light obeying the law when they are struck from behind by a sober citizen whereupon the errant driver's violation of the criminal law is brought to light even though he, at the time, was obeying the law.

No one doubts but that it would be permissible to show that one had been driving for 20 hours without rest to raise the inference that he dozed off and thus crossed the center line of the road and thus ran head-on

into another vehicle or that he had been taking a sedative or had been undergoing treatment for an eye condition.

Testimony that one is intoxicated supplies a reason why he may have driven in a careless manner but it does not necessarily prove that he drove in a careless manner. We are impressed by the holding in Kirby v. Turner-Day & Woolworth Handle Co., a Federal District Court case arising in Tennessee reported in 50 F. Supp. 469, in which the court said, "I think the answer sets out sufficient details of the conduct of deceased at the time he was struck. I think it is quite plain that the question of whether the deceased was intoxicated whereby he may have acted negligently is a matter of proof and not of pleading. The actual negligence was the conduct of the deceased and not what may have caused it. That is, intoxication itself would not be negligence under the allegations made in this case. A drunk man may or may not be negligent in his use of a highway, and intoxication would not have to be pleaded as an act of negligence, but intoxication might be proven as a circumstance to show imprudent actions."

Thus, while the Pennsylvania courts have not ruled squarely on the question, it is our opinion that it was not error to permit testimony as to Ellis' drunkenness and this even though Pennsylvania requires fact pleading and even though we realize it is a circumstance which may prejudice a jury against the one accused of the intoxication.

Of course, if it was admissible, as we have held, the testimony of Parker was sufficient to show what it purported to show. It is well settled that a mature layman can testify as to whether a person is intoxicated and Parker said Ellis was drunk and he gave his reasons and they were those which normally indicate intoxication. Having allowed Parker to say that Ellis was drunk, it would normally then not be error to allow

the two policemen to say they smelled liquor, nor would it normally be error to allow Mrs. Bartko to say that he reeked of alcohol because this was all cumulative and merely added to what Parker had already said. The testimony could all be considered together.

When the injured people had been assembled in the emergency room at the Monongahela Hospital, the physician who was called to administer to them was Dr. Theodore B. Stem. He would normally be called by the plaintiff to testify as to the injuries involved as well as by the defendant, if needed. He was apparently called to the office of plaintiffs' counsel and there interviewed but he was not called by plaintiffs to testify. In fact, plaintiffs' counsel stated to the court that inasmuch as Dr. Stem was not going to appear he would ask leave to put into evidence two of Dr. Stem's bills, one for Donald Parker and one for Priscilla A. Parker and the Monongahela Hospital bill. Original defendant's counsel agreed to allow these bills to be admitted. Counsel for plaintiffs told the court at another place in the record, "I hope and intend to have Dr. Stem," but Dr. Stem was not called.

Counsel for the original defendant states in his brief and stated in court, page 226, that the attorney for plaintiffs told the court that Dr. Stem was not available when he knew that the doctor was available and in fact, had been interviewing him in the office. Mr. Rosenberg did not deny this. It may be that Mr. Rosenberg misrepresented to the court Dr. Stem's availability. Apparently Dr. Stem was interviewed and was not considered persuasive enough to be called in behalf of the plaintiffs. Counsel for original defendant did not move to withdraw a juror because of this misrepresentation or trial irregularity.

The original defendant was then permitted to call him and was permitted to question him regarding the injuries of plaintiffs but was not permitted to have him

testify that it was impossible to determine that Ellis was under the influence of liquor. We take it that the court would have permitted him to say that Ellis was not under the influence as contradicting the plaintiffs' witnesses but Dr. Stem apparently would not go that far. He would merely say it was impossible to determine this. The court apparently thought this not contradiction but negative testimony. The husband plaintiff had already said defendant was drunk and the officers had said he admitted drinking and they smelled drink on him. It was up to defendant to produce testimony to contradict this, which he apparently could not do. It was within the discretion of the court whether to permit testimony which did not contradict plaintiffs' witnesses and we cannot say the court was guilty of error in this respect, even though negative testimony is not to be dismissed out of hand. See Bobst vs. Bobst, 160 Pa. Superior Ct. 340.

Defendant also wanted Dr. Stem to say that he had been available at all times when plaintiffs' attorney allegedly said he was not available and the court refused to allow this because, although it would impeach counsel, it would not impeach the witnesses or parties and it was obvious that Dr. Stem was available since he had been called by the defendant. We think the court was right here because it was obvious to the jury that Dr. Stem was available and it would do no good to impeach counsel and there was no motion before the court to withdraw a juror.