## Morgan Smith Automotive Products, Inc., Appellant, *v.* Continental Insurance Company.

Argued April 29, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

*Stephen D. Morgan*, with him *Charles H. Green-berg*, and *Robinson, Greenberg and Lipman*, for appellant.

*Sydney C. Orlofsky*, with him *Stephen A. Cozen*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, May 25, 1965:

The Court of Common Pleas sustained preliminary objections in the nature of a demurrer and entered an Order dismissing plaintiff's complaint in assumpsit.

The complaint alleged that defendant had issued to plaintiff-appellant a policy of insurance against loss by fire of certain auto heaters. The lower Court held that the insurance policy was unambiguous and by its terms covered only fire losses which were sustained in a fireproof building at *216 Mill Street*, Rockford, Illinois. Defendant's demurrer was sustained because the complaint alleged that the auto heaters were destroyed at *1009 W. Jefferson Street*, Rockford, Illinois.

The pertinent parts of the insurance policy follow. [printed] "DESCRIPTION AND LOCATION OF PROPERTY COVERED Show construction, type of roof and occupancy of building(s) covered or containing the property covered. If occupied as a dwelling state number of families."

This printed paragraph was followed by the following crucial typewritten clause: "On Contents of Auto Heaters Excluding Stock in Custody of Schofield Sales Company—5 story brick and *fireproof*,* approved roof building occupied as Auto Heater Manufacturing SITUATED: *216 Mill Street*, Rockford, Illinois"

---

* Italics throughout, ours.

This clause was followed by this printed paragraph: "IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company, . . . at *location of property involved,* . . . does insure the insured named above and legal representatives, to the extent of the actual cash value of the property at the time of loss, . . . against all DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, to the property described herein *while located or contained as described in this policy,* or pro rata for five days at each proper place to which any of the properties shall necessarily be removed for preservation from the perils insured against in this policy, *but not elsewhere."*

The law is settled that the insurance policy must be interpreted as a whole, considering both printing and typing, but that where the two conflict, the latter prevails over the former. *Haws v. St. Paul Fire & Marine Co.,* 130 Pa. 113, 117, 118, 15 A. 915; *McClure v. Mutual Fire Insurance Co.,* 242 Pa. 59, 88 A. 921; *Grandin v. Rochester German Insurance Co.,* 107 Pa. 26. We find no conflict between the printed and the typed portions of, and no ambiguity in, the policy.

Moreover, it is a general rule of fire insurance law that the specified location of the insured property is so important and so essential to the risk assumed, that coverage does not extend to casualty occurring at a different place or location. *Lycoming County Ins. Co. v. Updegraff,* 40 Pa. 311; *Axe v. Fidelity & Casualty Co.,* 239 Pa. 569, 86 A. 1095; *F. F. Davison v. The London & Lancashire Fire Insurance Co. of Liverpool, England,* 189 Pa. 132, 42 A. 2; 6 Cooley's Briefs on Insurance, page 4921 (2d ed. 1928). See also, *Levinton v. Ohio Farmers Insurance Co.,* 267 Pa. 448, 110 A. 295.

We are convinced that the policy read as a whole— or even if its clauses are considered separately—clearly covers only the auto heaters which were stored in the "5 story brick and fireproof, approved roof building occupied as Auto Heater Manufacturing [which is] SITUATED: 216 Mill Street, Rockford, Illinois." This interpretation is buttressed by the above mentioned principles of law.

Furthermore, plaintiff's claim did not fall within any exception contained in the policy and we find no merit in any of its contentions.

Order affirmed.