**Larry J. YOUNG**

v.

**Sue G. BENTLEY.**

**Civ. A. No. 36–68.**

United States District Court
W. D. Pennsylvania,
Erie.

May 22, 1969.

William G. Sesler, Erie, Pa., for plaintiff.

James McDonald, Jr., Erie, Pa., for defendant.

MEMORANDUM PRETRIAL ORDER

WEBER, District Judge.

The pretrial record in this case indicates that defendant intends to establish that plaintiff was under the influence of alcohol at the time of the accident and that this was the cause or a contributing cause of his injuries. Plaintiff was a pedestrian struck by defendant's automobile in the vicinity of a bar.

■ Because the issue of intoxication is so prejudicial to a party it should not be introduced by cross-examination until it is established that there is affirmative evidence to support the contention. Wentworth v. Doliner, 399 Pa. 356, 160 A.2d 562 [1960]. This includes any inquiry as to visits to a bar in the vicinity of the accident, Cook v. Phila. Trans. Co., 414 Pa. 154, 199 A.2d 446 [1964], or as to a party's "drinking", Critzer v. Donovan, 289 Pa. 381, 137 A. 665 [1927], Fisher v. Dye, 386 Pa. 141, 125 A.2d 472 [1956].

■ While the proof of intoxication is relevant to issue of negligence or contributory negligence, the mere fact of drinking intoxicating liquors is not admissible and not competent testimony, unless it reasonably establishes a degree of intoxication which makes plaintiff's actions prima facie negligent. Fisher v. Dye, supra.

It appears to us that the proper procedure to be followed in such a case is that used in Vignoli v. Standard Motor Freight, 418 Pa. 214, 210 A.2d 271 [1965], where the Court first heard the testimony relative to the party's alleged intoxication outside the hearing of the jury. In that case, where the testimony only established that defendant had two beers some hours before the accident and his behavior at the scene of the accident was "funny", the court held this insufficient to permit the issue to be presented to the jury. 418 Pa. 218, 210 A.2d 273.

■ Because it is the plaintiff's condition that is in issue here, to avoid the necessity of recalling plaintiff or his witnesses for further cross-examination in defendant's case after defendant has produced her affirmative evidence, we will require defendant to produce sufficient testimony at the opening of trial to be heard by the court outside the hearing of the jury to enable the court to determine if the jury could reasonably reach a finding of intoxication. If the Court so determines, then defendant may inquire into these circumstances on cross-examination of plaintiff and his witnesses. Otherwise, defendant shall be barred from introducing this issue on cross-examination but shall not be barred from producing affirmative evidence in her own case, providing that the court shall first examine the proposed testimony for its sufficiency as a basis for such finding by the jury.