428 A.2d 604
**Robert C. PRUSER, Appellant,**

v.

**STATE FARM FIRE & CASUALTY CO.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.

Filed April 10, 1981.

Petition for Allowance of Appeal Denied July 10, 1981.

Lee H. Roberts, Lock Haven, for appellant.

Larry E. Coploff, Lock Haven, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Clinton County granting appellee's motion for a

compulsory nonsuit. The procedural history and facts relevant to the issues on appeal are as follows:

On July 10, 1978, appellant purchased an insurance policy from appellee covering unscheduled personal property in the sum of $15,000 and additional living expenses in the sum of $3,000. This coverage is known as a "tenant's policy" for the reason that the coverage extends only to the contents of the insured's residence. The premium in the sum of $61.00 was tendered the same day. At that time, the personal property being insured was located at a residence in Wayne Township, which was being leased from a Charles Corcelius.

In September, 1978, appellant vacated that residence and placed his furniture in a steel building owned by a Mr. and Mrs. Haagen located in Lamar Township. Later, appellant moved on January 15, 1979, to a residence owned by a Mabel Macklem situate in Wayne Township, and the unscheduled personal property was moved to that residence.

On February 10, 1979, a fire occurred which totally destroyed the personal property in question. Although appellant testified that he attempted on several occasions to notify the insurance agent of his change in address, he never did actually notify the company.

Upon notification of the loss, appellee offered to pay appellant the sum of $1,500.00. Appellant filed suit, proceeded to trial, and after presenting the liability portion of his case, the trial court granted appellee's motion for compulsory nonsuit. This timely appeal followed.

Appellant contends the trial court abused its discretion by finding that the insurance policy did not cover the personal property loss under its terms. The relevant portions of the policy are as follows:

Coverage B—Unscheduled Personal Property

This policy covers unscheduled personal property usual or incidental to occupancy of the premises or a dwelling and owned or used by Insured, while on the described premises...

This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world;

\* \* \* \* \* \*

(3) but the limit of this Company's liability for unscheduled personal property away from the premises shall be an additional amount of insurance EQUAL TO 10% of the amount specified for Coverage B, but in no event LESS THAN $1,000.00.

\* \* \* \* \* \*

Supplemental Coverages

\* \* \* \* \* \*

1. Automatic Removal: If during the term of this policy, the Named Insured removes unscheduled personal property covered under Coverage B from the premises to another location within the Continental United States or the State of Hawaii, to be occupied as his principal residence, the limit of liability for Coverage B shall apply at each location in the proportion that the value at each location bears to the total value of all such property covered under Coverage B.

Property in transit shall be subject to the limit of liability for unscheduled personal property away from the premises.

This coverage shall apply only for a period of 30 days from the date removal commences and shall then cease. (R. 10a)

Two types of coverage are provided. The main coverage is provided when the property is located on the premises described in the policy. The secondary and lesser amount of coverage is provided when the property is located somewhere other than the described premises. Appellee has paid the $1,500.00 pursuant to the secondary coverage provision.

Appellant argues that this insurance policy should be construed by reference to the reasonable expectations of the insured, relying upon *Collister v. Nationwide Life Insurance Company*, 479 Pa. 579, 388 A.2d 1346 (1978).

*Collister* dealt with the question of the existence of a temporary life insurance policy where the insured had submitted his application accompanied by a premium payment. The issue was whether or not a temporary contract of life insurance existed where the insured had failed to comply with a condition precedent to liability under the terms of the policy. Our Supreme Court held in *Collister* that there was no legitimate reason for the insurer to accept a premium without providing temporary coverage. The insurer in that instance could avoid covering an uninsurable risk by not collecting a premium until after reviewing the risk.

Appellant's reliance upon Collister is misplaced. The issue here is not the existence of the policy, but rather the scope of its coverage.

Furthermore, it is a general rule of fire insurance law that the specified location of the insured property is all important to an insurer in determining not only the rate, but also whether to accept the risk at all. Coverage ordinarily does not extend to casualty occurring at a different location. *Morgan Smith Automotive Products, Inc. v. Continental Insurance Company*, 418 Pa. 190, 210 A.2d 273 (1965). Thus, the appellee had a legitimate interest in limiting its coverage where the insured's property had been moved from the original premises. This is the only manner in which an insurer can protect itself from the actions of an insured who relocates personal property. Appellant's testimony concerning his attempts to notify appellee of his change of address is not significant in view of the fact that this policy has no provision which automatically extends coverage upon the giving of notice of a change in address.

We therefore find no abuse of discretion on the part of the trial court in granting the motion for compulsory nonsuit. In view of this conclusion, we need not reach the other issue raised by appellant which relates to proof of damages.

Order affirmed.