**Mulholland v. Henkels & McCoy Inc. (No. 2)**

C.P. of Delaware County, no. 93-2459 & 93-2459.

*Carmen P. Belefonte* and *Martin S. Kohn*, for plaintiff.

*Robert St. Goggin* and *Robert C. Steiger*, for defendants.

BATTLE, *J.*, April 22, 1996—Plaintiff, Mark Mulholland, initiated this action against the defendants, Michael Masi and Henkels & McCoy Inc. Michael Masi also filed suit against Mark Mulholland and, thereafter, the actions were consolidated.

Mark Mulholland was driving his automobile on Lancaster Avenue at 12:50 a.m. on December 20, 1991 when he collided with a loader/backhoe at the Henkels & McCoy construction site which was located along Lancaster Avenue. Mr. Mulholland filed a motion in limine to preclude evidence of, and reference to, his

consumption of alcohol and his blood alcohol level at or about the time of the accident. By an opinion dated April 26, 1995, this court denied Mr. Mulholland's motion in limine. Thereafter, Mr. Mulholland filed a motion to reconsider, which is the subject of this opinion.

Mr. Mulholland's motion to reconsider focuses on references made in the April 26, 1995 opinion of this court that the construction equipment which he struck was located in the median of Lancaster Avenue and that Mr. Mulholland drove off of Lancaster Avenue and into the construction loader. Mr. Mulholland argues that his vehicle never left the roadway. In support of his argument, he references police reports and other evidence which indicate that the construction loader was partially in the left lane of travel and that the collision occurred within Mr. Mulholland's left lane of travel.

As indicated in this court's original opinion "while proof of intoxication is relevant where reckless driving of an automobile is the matter at issue, the mere fact of drinking intoxicating liquor is not admissible, being unfairly prejudicial, unless it reasonably establishes a degree of intoxication which proves unfitness to drive." *Critzer v. Donovan,* 289 Pa. 381, 137 A. 665 (1927); *Fisher v. Dye,* 386 Pa. 141, 125 A.2d 472 (1956). As also noted in this court's prior opinion, the mere statements of a party that he had consumed seven or more glasses of beer within a three hour period immediately preceding an accident was sufficient evidence of intoxication to admit the evidence of intoxication at the time of trial. See *McKee by McKee v. Evans,* 380 Pa. Super. 120, 551 A.2d 260 (1988). In the case of *Ackerman v. Delcomico,* 336 Pa. Super. 569, 486 A.2d 410 (1984), in which a pedestrian was struck by an automobile, the defendant motorist presented testimony

of the pedestrian's girlfriend and roommate stating that the pedestrian had been drinking beer since late in the afternoon, testimony of medical personnel that the pedestrian smelled of beer, hospital records indicating that the pedestrian admitted to drinking, and evidence that the pedestrian's blood alcohol content was 0.195 percent, as well as evidence that plaintiff had slurred speech and a low level of alertness following the accident. Of course, any person who has been struck by an automobile may always have slurred speech and a low level of alertness following an accident. However, the testimony regarding the pedestrian's drinking prior to the accident and blood alcohol content is strong persuasive evidence that the pedestrian was intoxicated. Therefore, our Superior Court held that it was proper to admit such evidence of intoxication at the time of trial. In doing so, our Superior Court stated "[l]ooking at all the evidence, there is much more than a suggestion of intoxication and, therefore, we conclude that the evidence of appellant's intoxication was properly admitted, and was not prejudicial. . . . " *Id.* at 575, 486 A.2d at 413.

Without reciting all of the cases referenced in this court's prior opinion, suffice it to say that evidence of alcohol consumption alone, even evidence that a person's blood alcohol content was greater than .10 percent, is not sufficient evidence of intoxication to permit such evidence to be introduced at the time of trial. However, evidence that a party has been drinking and either evidence that the party was somehow adversely affected by the drinking or expert evidence that a particular degree of blood alcohol content would impair a person's ability to safely drive a motor vehicle is sufficient to permit the evidence of intoxication at the time of trial. In the case at bar, there are statements that Mr. Mulholland had consumed alcohol prior to

the subject accident. There are also statements from police, construction crew members, paramedics, and hospital personnel that there was an odor of alcohol about Mr. Mulholland, and evidence of a blood alcohol level of 0.168 percent. The defendants, Henkels & McCoy Inc. and Masi, indicate to this court that they will present an expert to testify that a blood alcohol level of 0.168 percent will render an individual unfit to safely operate a motor vehicle. Based upon the factual evidence and the anticipated expert testimony, this court finds that the evidence of intoxication must be admitted at the time of trial. The apparent fact that the collision occurred somewhere within Mr. Mulholland's lane of travel as opposed to occurring outside of the lane of travel and in the median does not change the opinion of this court that evidence of intoxication must be admitted. There is sufficient, factual evidence of intoxication, combined with the expected expert testimony, which should permit a jury to consider whether Mr. Mulholland was operating a vehicle while impaired by alcohol to a degree that would render him unable to safely operate his vehicle. Such evidence must be considered by a jury when making determinations on comparative and contributory negligence.

As our Superior Court stated in *Crosby v. PennDOT,* 378 Pa. Super. 72, 548 A.2d 281 (1988):

"To remove from the jury the evidence of intoxication would be rewarding those who test positive for intoxication but the fortuity of the situation (no other evidence to corroborate the same) precludes additional facts to buttress the occurrence of an accident attributable, at least in part, to the intoxicant. We are not of a mind to do so here in light of the presence of an odor of alcohol and the blood-alcohol level indicating a presumption of intoxication ([S]ee 75 Pa. C.S. [§]3731(a)(4)), interpreted by an expert as to its dele-

terious effects and the occurrence of the accident itself, which the appellant could refute with his testimony of his clarity of mind and adroit behavior . . . ." (emphasis in original) *Id.* at 78, 548 A.2d at 284.

Pursuant to the logic of *Crosby,* the evidence of intoxication must be admitted in this case.

### ORDER

And now, to wit, April 22, 1996, it is hereby ordered and decreed that the plaintiff's motion to reconsider the opinion and order of April 26, 1995 is hereby denied.