EMILIO CHAIREZ v. THE STATE.

No. 8405.   Decided November 12, 1924.

No motion for rehearing filed.

**Driving Automobile While Intoxicated—Evidence—Sufficiency of.**

In a prosecution under acts of the Thirty-eighth Legislature 2nd C. S. Chap. 23 for driving an automobile while intoxicated, or in any degree under the influence of intoxicating liquor, evidence only that officers smelled liquor on appellant's breath at the scene of an accident is not sufficient to sustain a conviction.

Appeal from the District Court of El Paso County.   Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for driving an automobile while intoxicated; penalty, a fine of $100 and 30 days in the county jail.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction on a charge that while in an intoxicated condition he drove an automobile in the city of El Paso, and his punishment was assessed at a fine of $100 and 30 days' confinement in the county jail.

The prosecution is under Acts of the 38th Legislature, 2d C. S., Chapter 23, which reads:

"It shall be unlawful for any person to drive or operate an automobile or any motor vehicle upon any street or alley or any other place within the limits of any incorporated city, town or village in this State or upon any public road or highway in this State while such person is intoxicated or in any degree under the influence of intoxicating liquor."

While driving a large seven passenger car on the streets of El Paso near the intersection of 9th and Santa Fe streets appellant ran it over the curb, across the sidewalk and through the wall of a vacant adobe house.   The house was eight feet from the curb.   It was out of this

98 T. C.—28.

accident the prosecution grew. None of the State's witnesses saw the accident. It is accounted for by appellant and one of the parties who was riding with him in the car at the time, and by several apparently disinterested witnesses, in a manner which is entirely compatible with the act of one not under the influence of liquor. We do not quote the testimony of these witnesses in detail but condensed it amounts to this: That appellant turned from 9th street north on Santa Fe street; that about the time he made the turned he discovered a door of his own car open and requested one of the parties in the rear to close it; that looking ahead again he discovered a large car coming rapidly down Santa Fe street; that there was imminent danger of a collision between the two cars; that to avoid it appellant swung his car sharply to the left, making almost a complete circle from the point where he had entered Santa Fe street and in attempting to avoid the collision his car crossed the sidewalk and hit the wall of the adobe building, the front part of his car going through the wall.

Appellant had come from Juarez to El Paso about an hour before the accident bringing with him two parties who had eaten dinner at appellant's house. The first officer who reached the scene of the accident had seen appellant as he was making this trip from Juarez and himself admits that there was nothing in the manner in which the car was being handled then that indicated appellant was under the influence of liquor. The same officer also testified that the turn made by appellant from 9th Street into Santa Fe street was a correct turn in compliance with the traffic laws. His testimony is to the effect that when he reached the scene of the accident appellant was leaning over the steering wheel of the car and that witness detected on his breath the odor of liquor; that his eyes were red and bulging and from this the officer concluded appellant was drunk. Another witness, not a peace officer but the city clerk, said appellant "appeared to be drunk," but gave no reason for this conclusion whatever. The peace officer says when they reached the point of the accident appellant was sitting in the car; the city clerk says he was out of the car and got in at the direction of the officer and backed the car across the street apparently without difficulty, and placed it in the proper place against the curb. Another officer who reached the place later also testified that he smelled liquor on appellant's breath and that when he got out of the car at the city hall he staggered.

Appellant testified that when he struck the adobe wall it threw him forward against the steering wheel which struck his breast, and that the top frame of the windshield was knocked loose and hit him on the head which temporarily rendered him dizzy. The parties with appellant gave no indication of being under the influence of liquor, one of them testified supporting appellant's statement relative to the

accident, and says when appellant struck the building he fell forward upon the driving wheel and that witness thought he had sustained an injury of some kind.   Both appellant and this witness deny positively that appellant had been drinking at all, and one disinteresed witness across the street from the scene of the accident immediately went to where appellant was and he disclaims having detected any odor of liquor about him.   The evidence is undisputed that the car was partly covered with mortar and brick and could not be backed out of the building until some wooden beams were removed from the top of it.

We have not undertaken to set out in detail all the evidence, but have tried to condense it.   We cannot see our way clear to permit this conviction to stand upon the record before us.   All of appellant's acts appear to have been compatible with those of a man not under the influence of intoxicating liquor, and his appearance and manner after the accident reasonably explainable upon the ground that he had received a lick on the head or an injury of some kind as a result of striking the wall.   So explained the only testimony left to the State is that the smell of liquor was upon appellant's breath.   This is denied by appellant and his witnesses, but conceding the testimony of the State's witnesses to be true in this respect, we are not willing to say that under all the facts of the case it shows appellant to have been driving an automobile at a time when he was drunk, or to any degree intoxicated.   The testimony is in conflict relative to the movements of appellant after the accident, and whether he had difficulty in starting his own car, and getting from his own car into the police car.   The whole record leaves our mind in such an unsettled condition relative to the matter that it would not comport with our duty to permit the conviction to stand.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*