McCormick v. State, 86 Tex. Cr. R. 366, 216 S. W. 871; Wyatt v. State, 55 Tex. Cr. R. 73, 114 S. W. 812; Barnes v. State, 46 Tex. Cr. R. 513, 81 S. W. 735; Reed v. State, 93 Tex. Cr. R. 18, 245 S. W. 432. True, Ellis denied any knowledge of their being stolen property, but the appellants were no more concluded by this than the state was by Wright's denial of participation in the theft. Cozine v. State, 87 Tex. Cr. R. 92, 220 S. W. 102.

■ Appellants offered to prove by witness Roberts, who was also a ranch hand, and who was shown to have seen both the goats that Ellis penned and those taken away by Eckert, that they were not the same goats. Ellis was permitted to testify that they were the same. The trial court sustained an objection to this offered testimony of Roberts, apparently upon the theory that Roberts had not shown such familiarity with the goats in question as would justify the expression of such an opinion. In this the court was in error. The objection went to the weight rather than to the admissibility of the evidence. Roberts testified to having seen both bunches of goats, and a lack of familiarity with them was a matter of argument for the jury, but would not justify, we think, its exclusion. Harris v. State, 62 Tex. Cr. R. 235, 137 S. W. 373, and authorities there cited.

For the two errors last above pointed out, the judgment of the trial court is reversed, and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### WILLIAMS v. STATE. (No. 11909.)

Court of Criminal Appeals of Texas.
June 19, 1929.

T. N. Graham and J. Q. Mahaffey, both of Texarkana, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. .Offense, murder; penalty, five years in the penitentiary.

The indictment charges, in substance, that appellant, while driving an automobile upon a street in the city of Texarkana while then and there in a degree under the influence of intoxicating liquors, did by mistake and accident kill one Porter Glen McAlister. The indictment attempts to charge the offense defined in article 802 of the Penal Code 1925 relating to the operation of automobiles upon streets while intoxicated or in any degree under the influence of intoxicating liquor, and that while intending to commit this offense, by mistake killed deceased. This was upon the theory that article 42 of the Penal Code 1925 was applicable. This article reads as follows: "One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

In the case of Nunn v. State (No. 12181) 20 S.W.(2d) ——,[1] opinion delivered June 12, 1929, this court had this to say concerning article 802, supra: "It may be stated, however, that the appellant, through his counsel, contends that the language in question is indefinite to a degree that it offends against Article 6, P. C., which requires that penal offenses be definitely defined. We have heretofore stated that the term did not invalidate the statute but that the language quoted was of questionable sufficiency in an indictment and its use in a charge was of doubtful propriety. Williams v. State, 100 Tex. Crim. Rep. 50 [271 S. W. 628]. Such is our present view."

This case might be disposed of upon the theory that that part of article 802, supra, is too indefinite to definitely define an offense. This point is not presented in appellant's brief, but it seems to be contended there that no prosecution would lie under the terms of article 42, Pen. Code 1925, for the offense of murder, under the circumstances shown in this record. We do not deem it necessary to pass on either of the above points, as the evidence as a whole fails in our opinion to show that the appellant was under the influence of intoxicating liquor at the time of the accident. The indictment alleges that the killing was an accident, and the evidence, we think, sustains the allegation. There was nothing in the conduct of the appellant at the time which evidences intoxi-

[1] Rehearing pending.

cation. There were several bystanders, and none of these testified that he was either drunk or in any degree under the influence of liquor. One witness, who was present, testified unequivocally that appellant was not under the influence of intoxicating liquor at the time. Several witnesses, including the chief of police, who saw the appellant at the jail a few minutes thereafter, gave like testimony. Appellant is a negro. It was undisputed that after the accident he was intensely excited and nervous and that his foot was severely injured and that he limped. Only one witness gave testimony that appellant was intoxicated, and his opportunity of observation was very meager. He saw the appellant only through the bars of the jail for a few moments. Looking to the facts which he testified to, rather than to his opinion, we think that they are not inconsistent with the conclusion that appellant's conduct was due to nervousness and fright, rather than to intoxicating liquor. Most of the witnesses who testified for the appellant on this issue had a much better opportunity of forming a conclusion. For facts in a case of this character held insufficient, see Chairez v. State, 98 Tex. Cr. R. 433, 265 S. W. 905. The entire record leaves our mind in such grave doubt as to the sufficiency of the evidence to sustain the allegations of the indictment in the respect mentioned that we feel it our imperative duty to reverse and remand this cause, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.