# CHARLESTON.

BLACK AND WHITE CAB COMPANY *v.* NEW YORK INDEMNITY COMPANY

(No. 6531)

Submitted October 22, 1929. Decided October 29, 1929.
(Rehearing denied December 4, 1929.)

94

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.

*W. K. Cowden* and *W. K. Cowden, Jr.,* for defendant in error.

WOODS, PRESIDENT:

This is an action by the Black & White Cab Company to recover from the New York Indemnity Company an amount paid out by the former in effecting a compromise with one of its patrons, for an alleged injury sustained while being transported in one of its cabs. This writ is prosecuted by the indemnity company to the action of the circuit court of Cabell county in overruling its demurrer to the evidence and entering judgment for the plaintiff on the conditional verdict.

The Black & White Cab Company is a corporation engaged in the cities of Charleston and Huntington, West Virginia, in the operation of taxicabs and motor vehicles for hire. On the 1st day of January, 1926, the New York Indemnity Company delivered to the cab company a policy agreeing to defend

in the name and on behalf of the latter suits for damages, and to indemnify it against legal liability to any of its passengers for bodily injuries or death to the extent of $5,000.00, for one person, and for any one accident $10,000.00, the same to be in force for twelve months. The policy was issued "in consideration of the premium hereinafter provided and of the declarations forming part thereof." One of those declarations provided: "Notice of Accidents D. Upon the occurrence of an accident involving bodily injuries or death, or damage to property of others, the assured shall give prompt written notice thereof with the fullest information obtainable at the time to the New York Office of the Company or to one of its duly authorized agents. The Assured shall give like notice with full particulars of any claim made on account of such accident. If suit is brought against the Assured to enforce such claims, the Assured shall promptly forward to the New York Office of the Company every summons or other process that may be served upon the Assured."

Bernice Davis Patrick was injured on the 5th day of July, 1926, while being transported in one of plaintiff's cabs from the C. & O. to the B. & O. stations in the city of Charleston, and instituted suit in Kanawha county against the cab company the following June. The declaration filed in that action (which was introduced as an exhibit in the present case) charged that the taxicab ran into and collided with a motor car upon a street of said city, and overturned, causing said passenger to be thrown violently against the sides of said taxicab, and out of and from the same on to the street, thereby seriously and permanently injuring and bruising her about the back and spine as well as injuring her internally. After the institution of that suit, the cab company gave notice to the indemnity company of the same. The indemnity company began investigation, and on finding that the accident had happened about a year before, denied liability under said policy for the reason and upon the ground that the plaintiff had not complied with the provisions above quoted regarding notice. Before the cause was called for trial the cab company succeeded in compromising and settling with Bernice Davis Patrick for the sum of $840.25. This settlement was

promptly reported to the indemnity company, and upon the latter's refusal to reimburse the cab company, the present action was instituted.

Three witnesses—the president, the secretary-treasurer and the manager—were called for the plaintiff. They testified that they had no knowledge of the accident until served with a summons in the Patrick action, and that they notified the indemnity company promptly upon receipt of the same. No reference ,was made in their testimony as to the actual extent of the alleged injury, other than that they compromised for $840.25 to keep from going to trial. The defendant did not offer any evidence.

The indemnity company contends that notice to the cab driver was notice to the plaintiff. So the first question with which we are confronted is whether or not the driver was an agent to the extent of imputing notice to the cab company. According to the plaintiff's evidence the indemnity company furnished it with blank forms to be filled out for every wreck, and as stated in the testimony of its secretary-treasurer, "Whenever we have a wreck, the driver comes in and writes up and makes out one of these reports, and we turn it over to the insurance company. * * * The drivers didn't carry these blanks with them. We kept them at the office where they could come into the office after an accident and make them out." In the absence of other evidence relating to the driver's duty to report, the above is sufficient to show that the company relied on him to make report of all accidents— made him its agent for that purpose. It may be stated as a general rule that notice to the agent while acting in the scope of his authority is notice to the principal. *Hart* v. *Sandy,* 39 W. Va. 644. This general rule rests on the presumption that the agent will disclose what it is his principal's business to know and the agent's duty to impart. *Clifton* v. *Toom,* (W. Va.) 21 Fed. (2nd) 893, 901. And the principal is charged with notice whether the agent communicates his knowledge to his principal or not. *Buckeye Saw Mfg. Co.* v. *Rutherford,* 65 W. Va. 395. Having knowledge of the accident, he was bound to exercise his judgment and determine whether it was of sufficient importance for the basis of a claim in damages,

and, having evidently concluded that it was not, the company was bound by his decision.

·Clause D, as hereinbefore quoted, provides that the assured shall give prompt written notice in case of accident. No definite time being provided for such report, the same must be made within a reasonable time, having regard to all of the circumstances. A delay of three months has been held to be unreasonable. Blashfield on Insurance, Vol. 3, p. 2662. Certainly, a year would not be considered a reasonable time, for after such a lapse of time the indemnity company would not be able to secure witnesses with which to properly defend the case. The facts set out in the declaration filed as an exhibit show that the accident was more than a trivial occurrence. So, the question of the reasonableness of the notice must be considered in relation to the date of the accident, and not from some future time. Berry on Automobiles, Vol. 2, sec. 2109. The notice here was clearly not given within a reasonable time.

But the cab company, in an effort to support the ruling of the trial court, contends that even though it should be held to be bound by the acts of its agents, yet the requirement to give prompt written notice does not enter into the question. In support of this view, it calls attention to the ''West Virginia ·Compulsory Automobile Endorsement'' rider required to be placed on the policy by the State Road Commission, in pursuance of authority of section 82 of chapter 17, Acts 1925: ''It is further understood and agreed that the obligations and promises of said policy shall inure to the benefit and protection of any persons sustaining bodily injuries and/or property damage as provided for in said policy, or in the event of the death of such person to the benefit and protection of the person or persons entitled under the law of the state· having jurisdiction to maintain an action for damages and that the said obligation and promises of said policy shall constitute a direct liability to such person or persons whether an action for damages is brought against the named Assured alone or jointly with the Company. The obligation and promises of said policy shall not be affected by any act or omission of the named Assured or of any employee of the

named Assured with respect to any condition or requirement of said policy or by any default of the Assured in payment of premium or in the giving of any notice required by said policy or otherwise nor by the death, insolvency, bankruptcy, legal incapacity or inability of the Assured." A casual reading of the foregoing provisions will show that it is for the benefit of the general public, and is to insure that passengers of the plaintiff company and the general public are compensated for any injuries they may receive. It has nothing to do with the contractual relation existing between the assured cab company and the indemnity company.

The judgment below will, therefore, be reversed, and a judgment entered here sustaining the demurrer to plaintiff's evidence and of *nil capiat.*

*Reversed; judgment entered.*