**Lulu May Martin, Appellee, v. Sterling Casualty Insurance Company, Appellant.**

**Gen. No. 8,829.**

Opinion filed October 10, 1934.

COTTON & NICHOLS and LEWIS D. ROSS, for appellant.

J. G. THOMAS and HERRICK & HERRICK, for appellee.

MR. JUSTICE ALLABEN delivered the opinion of the court.

This is a suit brought by Lulu May Martin as beneficiary under an accident insurance policy issued to John Hoopengardner, who was killed on January 8, 1932, when the automobile he was driving was struck by a Chicago and Eastern Illinois passenger train at Court street in the City of Tuscola, Illinois. The declaration, in two counts, was in the usual form, based on the policy. Before trial it was stipulated that proper notice of death and proof of claim had been filed with the insurance company; that the insured was over 55 years of age at the time of his death; that the limit of recovery would be $500. The defendant filed plea

of the general issue, giving notice that it would offer evidence and insist: (1) That the insured was at the time of the collision intoxicated, or under the influence of, or affected by intoxicants; (2) that by reason of his driving said automobile while intoxicated he was violating the law; (3) that the insured contributed to and caused the injuries set forth in the declaration by reason of his having exposed himself to unnecessary danger.

These special defenses were interposed by reason of certain provisions of the policy under the heading "General Provisions," where it is provided that the insurance does not cover any injuries sustained by the insured: (A) While intoxicated or under the influence of; or affected by intoxicants or narcotics. (I) While violating the law. (L) Any loss contributed to or caused by any mental or bodily infirmity or exposure to unnecessary danger.

At the close of the plaintiff's evidence a motion on behalf of the defendant for an instructed verdict was denied. At the close of all of the evidence a motion was made by plaintiff for an instructed verdict in the sum of $500, which motion was granted. In accordance with the instruction of the trial court the jury returned a verdict finding the issues in favor of the plaintiff and against the defendant, and assessing damages in the sum of $500. Motion for new trial was overruled and judgment was entered on the verdict. From this the defendant appeals to this court.

The sole question presented by defendant's brief concerns the propriety of the trial court's peremptory instruction for the plaintiff at the close of all the evidence. This contention is based upon the claim that there was at least some evidence which should have been submitted to the jury of a violation of one or more of the three provisions of the policy, set forth above, which would prevent a recovery. The only evi-

dence offered to prove the claim that the injury sustained by the insured was sustained while intoxicated, or under the influence of, or affected by, intoxicants or narcotics, was given by T. A. Green and J. C. Waddington, undertakers, who removed the body of the insured from the wreck. They testified he was still alive and that they smelled intoxicating liquor on his breath. Green further testified that upon pressing the stomach of the deceased after his death he could smell intoxicating liquor; that the odor was very pronounced. In our opinion this was no evidence that the injuries sustained by the insured were sustained while the insured was either intoxicated or under the influence of or affected by intoxicants or narcotics. This view has been concurred in by the Court of Criminal Appeals of Texas in the case of *Chairez v. State,* 265 S. W. 905.

Having held that there was no proof that John Hoopengardner was either intoxicated or under the influence of or affected by intoxicants or narcotics, it necessarily follows that there was no evidence that he was driving an automobile while intoxicated, and, therefore, was not violating the law at the time of the accident.

The third ground set up by the defendant was that the deceased was exposing himself to unnecessary danger. The testimony of all of the eyewitnesses to the accident is practically identical. They place the speed of the automobile in which Hoopengardner was driving at from six to ten miles an hour. Further, they state that he appeared to look neither to the right nor to the left, although the view to the east, the direction from which the train was approaching, was clear; that the whistle was blowing; that the bell was ringing. The evidence further shows that the deceased drove slowly across five tracks; and that he neither increased nor decreased his speed. The automobile was a model

"T" Ford, with the windows closed. It is apparent from all of the above that the attention of the deceased was not directed to the danger which existed; that there was no voluntary exposure on his part to unnecessary danger, such, as our courts have held, is required in order to prevent a recovery under such a provision in a policy. In discussing a similar clause in an accident insurance policy our Supreme Court said: "Mere failure to observe ordinary care would not, as in an action for negligence, defeat a recovery on the contract." (*Fidelity & Casualty Co. v. Sittig,* 181 Ill. 111.) We hold that there is no evidence that the insured contributed to or caused the accident by exposure to unnecessary danger.

In holding there is no evidence to support the affirmative special defenses set forth above we are guided by the rule as set forth in the case of *Offutt v. World's Columbian Exposition,* 175 Ill. 472, wherein our Supreme Court says: "It is clear . . . that what is called the 'scintilla rule of evidence' is not in force in this State." Also, that " 'Evidence tending to prove' means more than a mere scintilla of evidence, but evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of . . . the party producing it."

Where the plaintiff makes out a prima facie case within the terms of an insurance policy and the defendant sets out certain affirmative defenses which it fails to maintain, the court should instruct the jury to find for the plaintiff. (*The Tribune Co. v. McCarthy,* 201 Ill. App. 586, 587.)

Therefore, the defendant having produced no proof to sustain its affirmative defenses, the trial court in this case properly directed a verdict for the plaintiff at the close of all the evidence, and the judgment is hereby affirmed,

*Judgment affirmed,*