UNITED STATES FIDELITY & GUARANTY COMPANY *v.*
POCAHONTAS TRANSPORTATION COMPANY

(No. 8550)

Submitted October 12, 1937. Decided November 2, 1937.

*Crockett & Tutwiler,* for plaintiff in error.
*A. F. Kingdon,* for defendant in error.

HATCHER, JUDGE:

In this action, the Guaranty Company, a liability insurer, seeks to recover from the Transportation Company, the assured, the sum paid by the former in compromise of a judgment against the latter by one of its bus passengers. This recovery is sought because timely notice of the accident for which the judgment was obtained was not given the insurer. It paid the judgment, however, since the "West Virginia Motor Carrier" endorsement on the policy herein required it to do so, irrespective of any equity between it and the assured. By agreement of the parties, the instant case was submitted to the circuit court in lieu of a jury, and the court found for defendant, and entered judgment accordingly.

The policy provides that the assured shall notify the insurer "as soon as practical" of any accident; and that if the insurer pays a loss under the policy on account of an accident not reported to it, the assured shall reimburse it. The defendant seeks to avoid these provisions mainly on the theory that the injury to the passenger seemed too trivial, at the time, to require a report to the insurer. The information relating to the accident chargeable to defendant follows. The passenger, a girl aged fourteen years, en route to school, entered the bus in the morning in "good physical condition" and left it crying and assisted by "one or two" of her school companions. Upon inquiry, the bus driver learned that she had fallen in the bus when it stopped and hurt her knee. He followed her to school where a teacher and others were treating her knee with massage and hot water. The knee was then "red and puffed up" and she was still crying. The driver was informed by the school principal that she had been troubled with her knee before. Thereupon, the driver, with the assistance of two other persons, took her to a physician, who, according to the driver, said "she hadn't hurt her knee very bad * * * she had had trouble prior to that with her knee * * * she was not hurt, there was nothing to worry about." Nevertheless, the physician bandaged and strapped her knee, and instructed her to keep quiet. She was assisted back to school and that afternoon was returned home in the same bus by the same driver.

The authorities relied upon by defendant are based on the premise of no *apparent* indication of bodily injury. They contain such expressions as these: "In a case where no bodily injury is apparent at the time of the accidental occurrence"; "If no apparent harm came from the mishap"; "A slight or trivial bruise of which no present external indication appeared"; and "He was not required to give notice of an injury so long as there was no evidence that the injury existed." See *Chapin* v. *Ocean A. & G. Corp.*, 96 Neb. 213, 147 N. W. 465, 466, 52 L. R. A. (N. S.) 227, the leading case; other cases cited in Annotation, 76 A. L. R. 105, *et seq.*; Berry, Law of Automobiles

(7th Ed.), sec. 6.667; Huddy, Cyc. Auto Law (9th Ed.), sec. 228; 14 R. C. L., subject Insurance, sec. 503. Those authorities, however, do not apply here. The suffering of the girl, the assistance given her in walking, the redness and swelling of her knee, the taping of the knee by the physician and his direction to keep it quiet, were all apparent indicia of bodily injury. It is common knowledge that an injury, seemingly slight at the time, may result seriously. And in a case of apparent injury, such as this, the contractual right of the insurer to have notice is not defeated merely because the assured considered the injury too trivial to report. The decision of the latter in this respect is at its own risk, *Travelers Ins. Co.* v. *Myers,* 62 O. St. 529, 540, 57 N. E. 458, 49 L. R. A. 760; *Glass Co.* v. *Fidelity Co.* (Tex. Com. App.), 244 S. W. 113, 115; *Haas Tobacco Co.* v. *American Fidelity Co.*, 226 N. Y. 343, 123 N. E. 755, 13 A. L. R. 132; *McCarthy* v. *Rendle,* 230 Mass. 35, 119 N. E. 188; *Northwestern Exchange Co.* v. *Casualty Co.*, 86 Minn. 467, 90 N. W. 1110; *Black & White Cab Co.* v. *Indemnity Co.*, 108 W. Va. 93, 96-7, 150 S. E. 521. See generally on this subject, *Oakland Motor Co.* v. *Fidelity Co.*, 190 Mich. 74, 155 N. W. 729, 733; Berry, *supra,* secs. 6.665-6; Couch, Cyc. Ins., sec. 1508; Cooley, Briefs Ins. (2d Ed.), p. 6081; 5 Am. Juris., subject Automobiles, sec. 547.

Defendant contends also that plaintiff, by defending the action of the passenger, waived the breach of the covenant to give notice. This contention would perhaps be sound under some policies. See Annotation, 76 A. L. R. 159, *et seq.* But not so here, because the instant policy required the insurer to defend the action, made it directly liable to the injured person, and provided its reimbursement for payment of a loss such as this.

The judgment and finding of the trial court are accordingly reversed, and judgment for plaintiff entered here.

*Reversed; judgment for plaintiff.*