**COMMERCIAL CASUALTY INS. CO. v. MISSOURI PAC. TRANSP. CO.**

No. 11845.

Circuit Court of Appeals, Eighth Circuit.

Feb. 4, 1941.

Frank E. Williams, of St. Louis, Mo., and William McCraw, of Dallas, Tex.

(McCraw & Holt, of Dallas, Tex., Fordyce, White, Mayne, Williams & Hartman, of St. Louis, Mo., and Lloyd Davidson, Jr., of Dallas, Tex., on the brief), for appellant.

Thomas B. Pryor, of Fort Smith, Ark., and Henry Donham, of Little Rock, Ark. (Thomas T. Railey, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The insurance company brought this suit against the transportation company to obtain declaratory judgment that the plaintiff was not liable to pay certain personal injury judgments rendered against the transportation company resulting from an accident which occurred during the life and within the coverage of the public liability policy issued by the plaintiff to the defendant. The alleged ground of nonliability was that the insured had not complied with, but had violated, the co-operation provisions of the policy.[1] The case was tried

[1] Co-operation and notice provisions:

"The insured shall render to the company all possible aid and assistance in obtaining information, evidence and the attendance of witnesses upon hearings or trials concerning any legal proceeding arising out of claims, accidents or alleged accidents within the scope of this policy; the insured shall at his own cost provide the attendance at such hearings or trials or other legal proceedings of the insured's driver or other employees involved or allegedly involved in the claim or accident from which such legal proceedings arise; the insured shall cooperate with the company in its handling or settling of claims or suits; and the insured shall at all times lend to the company his cooperation in perfecting appeals in such manner and at such time as the company desires.

"The insured shall not voluntarily assume any liability or interfere in any negotiations or legal proceedings conducted by the company in its handling, settling or defense of any claim or suit. The insured shall not settle any claims nor incur any claims expense without written consent of the company previously given, except that the insured may provide at the time of an accident and at the cost of the company such emergency first aid treatment as is imperative. Any other expenditures, costs or obligations assumed by the insured shall be at his own expense."

"The insured shall give immediate written notice upon the occurrence of an accident or alleged accident to Bowes & Awtry Incorporated or to a duly authorized claims representative, with all essential facts ascertainable at that time in order that the company may immediately investigate. The insured shall likewise transmit to Bowes & Awtry Inc. or to a duly authorized claims representative, all the further facts obtainable by the insured with respect to the accident or alleged accident.

"In the event a claim arises from such accident or alleged accident the insured shall give immediate notice thereof, with full particulars then available.

"In the event legal proceedings are brought against the insured to enforce such claim, the insured shall immediately forward to Bowes & Awtry Inc. or to a duly authorized claims representative, every summons or process of legal notice, as soon as the same shall have been served upon the insured or upon the insured's representative."

"This entire policy shall be void and of no benefit to the insured if the insured or his agent has concealed or misrepresented in writing, or otherwise, any material facts or circumstances concerning this insurance or the subjects thereof; or in case of any fraud, attempted fraud or false swearing by the insured touching any matter pertaining to this insurance or the subjects thereof, whether before or after an accident or alleged accident."

to the court upon the pleadings, written stipulations of facts and additional testimony adduced at the trial, and the judgment of the court declared that the insurance company was liable under its policy for the payment of the judgments; the prayer of the complaint was denied and costs were awarded the defendant. The insurance company appeals.

It was clearly established by the pleadings, stipulations and evidence, that the persons who had recovered the judgments against the transportation company were passengers being transported by that company in an automotive vehicle driven by one W. R. Williams from Clarksville to Russellville in Arkansas, and that the accidental collision between the vehicle in which they were riding and an automobile in Russellville occasioned personal injuries to them from which their judgments against the transportation company resulted; that the premiums required by the policy duly issued by plaintiff had been paid and the policy was in full force at the time the accident occurred; that the accident was in all respects within the coverage of the policy; that the insured promptly gave all notices required to be given under the terms of the policy; that the insurance company acknowledged its obligations under the policy to make investigation of the accident and to defend the resulting claims and lawsuits; that it promptly made full and complete investigation of the accident, which included an examination of W. R. Williams, the driver of the vehicle; that it took charge of and defended the lawsuits up to the time when judgments were rendered against the transportation company in the Circuit Court of Crawford County, Arkansas, and that throughout the proceedings the agent appointed by the insured to co-operate with the insurance company acted diligently and in complete good faith in respect to co-operation with the insurance company and rendered all possible aid and assistance in giving notice and obtaining information and evidence.

Although the record and briefs are extended, our examination discloses that the only point argued for reversal by appellant which merits discussion is its contention that certain conduct of the above named W. R. Williams after the accident constituted non compliance and violation on the part of the transportation company of the policy's co-operation clauses.

It appears that one of the transportation company's busses had become disabled at Clarksville, Arkansas, and the company obtained taxicabs to carry passengers to points farther east. It was one of these cabs, driven by W. R. Williams, which became involved in collision at Russellville, Arkansas, causing the injuries to passengers which resulted in the judgments against the transportation company involved in this suit.

Although the terms upon which the taxicabs and drivers were employed were such that the operation of the taxicab by W. R. Williams at the time of the accident was clearly within the protection promised the transportation company in the public liability policy, the evidence is that Williams never performed any other service for the company or had any other employment for or connection with the company except driving the taxicab on that trip. The insurance company had prompt notice of Williams' connection with the accident and its investigators forthwith interviewed him. He gave an account of the accident imputing fault to the driver of the other car and absolving himself. His statement was shortly afterwards reduced to writing, delivered to the transportation company, and by it transmitted to the insurance company. The insurance company relied on the statements and caused the man to be called as a witness for the defendant. He unexpectedly gave testimony as to the manner in which the accident occurred which was at variance with his previous statements and was damaging to the defense.

The court found in accord with the evidence that Williams either wilfully and knowingly gave false information in his statements, or wilfully and knowingly testified falsely in the trial of the cases. The court also found that although Williams was an agent of the transportation company in driving the taxicab from Clarksville to Russellville, he was not the agent of the company for the purpose of rendering to the insurance company all possible aid and assistance in obtaining information, evidence and the attendance of witnesses in the hearing and trial of the personal injury cases as provided by the terms of the insurance policy.

The contention of the appellant is that the court erred in that Williams was the agent of the transportation company for the purpose of rendering such aid and as-

sistance to the insurance company within the meaning of the co-operation clauses of the policy, and that his misconduct relieved the insurance company from liability. In the suits brought by the injured persons against the transportation company the several plaintiffs demanded judgment in amounts greatly in excess of the policy limits, and it is apparent that W. R. Williams was not in fact serving any interest of the transportation company in making false statements or giving false testimony concerning the accident. His untruthfulness was injurious to both the insurance company and the transportation company. But the contention for appellant is that the law imputes the misconduct to the transportation company.

The requirement of the policy clauses which is relevant here is that the insured (corporation) shall render the specified co-operation to the insurance company and that it shall at its cost provide the attendance of its driver involved in an accident at resultant legal proceedings. There is nothing in the contract, either expressed or reasonably to be implied, that the insured corporation shall vouch for the veracity of the driver, or that the driver shall co-operate with the insurance company. The reference is only to the insured's duty to provide the attendance of the driver. We find nothing in any of the co-operation provisions of the policy which can be construed to mean that the policy liability shall be terminated if the driver whom the insured was required to produce at the trial turns out to be an untruthful man. Despite great elaboration in the briefs and arguments, the fact that the driver in this instance was such an untruthful man is all the insurance company has to rely upon as a defense. We are not persuaded that the man's misconduct constituted any defense.

The trial court's determination that Williams was the transportation company's agent to drive the taxicab but that he was not its agent to co-operate with the insurance company in the defense of the lawsuits appears to us to be without error. We have examined each of the numerous cases cited by appellant but find no support in any of them for its contention that the misconduct of Williams must be imputed to the transportation company to defeat its insurance protection either under general rules of the law of agency or under decisions involving co-operation claus-

es in liability insurance policies. Cases cited by appellant in which an insured person himself deceives the insurer in respect to the facts of the accident are not relevant. The policy in this case did not insure Williams but only the transportation company.

Finding no error in the judgment, it is affirmed.