## OHIO FARMERS INDEMNITY CO. v. CHARLESTON LAUNDRY CO.

No. 6105.

United States Court of Appeals
Fourth Circuit.

Argued June 16, 1950.

Decided July 24, 1950.

Robert W. Lawson, Jr., and Charles W. Yeager, Charleston, W. Va. (Steptoe & Johnson, Charleston, W. Va., on brief), for appellant.

Jackson D. Altizer, Charleston, W. Va. (Samuel D. Lopinsky, Charleston, W. Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER, Circuit Judge, and WYCHE, District Judge.

SOPER, Circuit Judge.

The question in this case is whether Ohio Farmers Indemnity Company is relieved from liability under an automobile policy with respect to an accident in which an automobile truck of the Charleston Laundry Company, the insured, was involved, because of a misstatement contained in a report of the accident by the insured to the Indemnity Company.

The policy indemnified the Laundry Company against loss resulting from legal liability arising from the operation of a number of laundry trucks; and the contract provided that no action should lie against the Indemnity Company unless the insured had fully complied with the conditions of the policy which included a notice clause and a cooperation clause in the following words:

"1. *Notice of Accident. Coverages H, J and K:* When an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of it's authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"16. *Assistance and Cooperation of the Insured. Coverages A, B, C, D, E-1, H and J:* The Insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

On November 24, 1948, one of the laundry trucks covered by the policy was involved in an accident with a car of one Meade Davis, and as the result, Davis suffered substantial injuries. He brought suit in a state court of West Virginia against the Laundry Company which was settled by the payment of $5,000. The Insurance Company approved the settlement but reserved the right to contest liability under the policy. The instant suit was brought by the Laundry Company on the policy to recover this sum and resulted in a judgment for the plaintiff. The Insurance Company defended on the ground that the Laundry Company did not comply with the notice and cooperation clauses above set out in that the insured's report of the accident contained a materially false statement as to the driver of the insured truck.

When the accident occurred, the truck was in charge of William E. Slaughter, a route man for the Laundry Company, but it was driven at the time by Delbert C. Johnson, also a route man who had a day off but accompanied Slaughter at the latter's request. Johnson had no express authority to drive the truck or assist Slaughter on this occasion, and the supervisory officers of the Laundry Company had no knowledge that he was doing so.

There was a conflict of evidence as to whether it was permissible under the rules of the company for one route man to accompany and assist another in servicing his route and driving the truck. Accordingly the Insurance Company made the additional defense that it was not liable for the loss caused by the accident because at the time of the occurrence the truck was not being driven by the authorized agent of the insured with its permission; but there was evidence tending to show that Johnson was driving with the implied permission of the Laundry Company and in accordance with its custom, and hence the question was for the jury, and since it was fairly submitted in the judge's charge, it is not reviewable on this appeal.

The important question, which was raised by the defendant by motions for directed verdict and for judgment n. o. v., is whether the Laundry Company must be denied recovery because its report of the accident to the Insurance Company contained the statement that the truck was being driven at the time by Slaughter, whereas in fact Johnson was at the wheel. The materiality of the misstatement was shown by the fact that when the truth became known to the attorneys for the Laundry Company and for the Insurance Company, a short time before the day set for the trial of the case of Davis v. Laundry Company, they decided to make a settlement before trial, since the attorney for Davis was also aware of the false statement in the report and it was feared that when it was made known to the jury they would place little reliance upon the testimony of the men on the truck.

The decision turns on whether the Laundry Company must accept responsibility for the false statement, and this depends on whether the report was made in bad faith by an agent of the insured who was authorized to make the report on its behalf. The evidence in this respect is not open to dispute. The duty to make reports of accidents to the insurer was imposed by the Laundry Company upon George A. Young, who had charge of the company's garage as the Superintendent of Truck Maintenance. The truck drivers were instructed to report accidents to him and the reports to the Insurance Company were made out under his supervision and forwarded by him.

The Indemnity Company furnished printed forms to the policy holder to facilitate the making of reports. The forms called for certain specific information, including the name and address of the insured, a description of the insured automobile, with serial and motor numbers, the name of the operator, the date and place of the accident and the name and address of the owners of damaged property and of injured persons; and at the end of the form a space was provided in which to state fully how the accident occurred and a line for signature after the words "notice made out by".

It was the practice of Young when an accident was reported to him to fill out the answers to the specific questions on the form furnished by the Insurance Company and cause the circumstances of the accident to be set out as reported by the driver in the blank space at the end of the form. Sometimes the latter part of the report was written by Young and sometimes by the driver; but in either case, the name of the driver was inserted after the words "notice made out by" at the end of the report, and the report was transmitted by Young.

The conclusion to be drawn from these facts is that the superintendent and not the driver was the agent of the Laundry Company to make the reports to the insurer, and that the reports were actually made by the superintendent although they were necessarily based upon information which the driver furnished and bore his name. In other words, the important duty to report was not within the scope of the authority of the man involved in the accident but rested upon the supervisory officer.

The general rule of law respecting notice to or by an officer or agent of a corporation is that the rights of the corporation are not affected unless the notice is in regard to a matter coming within the sphere of the agent's duty while

attending to the business of the corporation; and this rule is applied in respect to the knowledge imputed to the corporation of an accident in which its agent is involved and to notice by the corporation to an insurance company under the terms of a liability policy. Commercial Casualty Ins. Co. v. Fruin-Colnon Contracting Co., 8 Cir., 32 F.2d 425; Indemnity Ins. Co. v. Laguire Funeral Homes Ins. Co., 239 Ala. 362, 194 So. 818; 19 C.J.S., Corporations, §§ 993, 1068, 1078, 1079; 45 C.J.S., Insurance, §§ 1056, 1057. Thus it was held in Black & White Cab Co. v. New York Indemnity Co., 108 W.Va. 93, 150 S.E. 521, that an insurer was relieved from liability for an accident which the Cab Company had failed to report, and that lack of knowledge of the accident on the part of the managing officers of the Cab Company did not excuse its failure since the driver of the cab involved in the accident had been instructed by his employer to report accidents and thereby became the company's agent to receive the information. Likewise, in the pending case, Slaughter was the Laundry Company's agent through which it received knowledge of the accident, and if Slaughter had made no report to it and it had failed to make a report to the Insurance Company, the latter would have been released under the law of West Virginia which controls in this case. However, it was not within Slaughter's authority to give notice to the indemnitor. That duty was entrusted to a supervisory officer and was performed in the following manner: The report was written in its entirety by Young, who derived his information as to the specific questions on the form from the records of the company, and his information as to the circumstances of the accident from Slaughter, who was in the hospital for treatment for injuries received in the accident. Young accepted Slaughter's statement in good faith as a true account of the occurrence, signed Slaughter's name at the end of the report, and transmitted it to the Insurance Company. Under these circumstances, the Insurance Company was not released from liability. It was promptly furnished with a report of the accident which enabled it to make such investigation as it deemed necessary to protect its interests. It may have been impeded to some extent by the false statement of the man in charge of the truck, but the Laundry Company performed its duty when it made the report in good faith through its duly authorized agent.

The importance to an indemnitor of a prompt and accurate report of an accident and of full assistance and cooperation on the part of the insured should not be minimized, and when the insured fails in these duties, the release of the indemnitor from liability is fully justified. But the primary purpose of the requirement of notice and cooperation is to afford the indemnitor an opportunity to protect the policy holder and itself from unnecessary loss; and it cannot be supposed that these policy requirements were designed to enable the company to avoid liability in case a minor employee of the insured should give an incorrect account of an accident. If this were true, the protection of the policy holder would be jeopardized in every case in which a jury should not accept a version of an accident given by his agents or employees. See Buffalo v. U. S. Fidelity & Guaranty Co., 10 Cir., 84 F.2d 883; Commercial Cas. Ins. Co. v. Missouri Pacific Transp. Co., 8 Cir., 117 F.2d 313; Woolverton v. Fidelity & Cas. Co., 190 N.Y. 41, 49, 82 N.E. 745, 16 L.R.A.,N.S., 400.

Affirmed.