Pete V. JARRELL and Arlie Junior Mick, Appellants,

v.

FORD MOTOR COMPANY, a Corporation, Appellee.

No. 8964.

United States Court of Appeals Fourth Circuit.

Argued Sept. 25, 1963.

Decided Jan. 21, 1964.

W. Hayes Pettry, Charleston, W. Va.
(Dewey B. Jones, Charleston, W. Va., on
the brief), for appellants.

George S. Sharp and John S. Haight,
Charleston, W. Va. (Edward H. Tiley,
Charleston, W. Va., on the brief) for ap-
pellee.

Before SOBELOFF, Chief Judge,
BRYAN, Circuit Judge, and NORTH-
ROP, District Judge.

NORTHROP, District Judge:

In this case the Ford Motor Company
was charged with negligently failing to
install a compression washer on the re-
taining pin assembly of the front left
control arm of a 1958 Ford automobile.
Appellants, Pete V. Jarrell and Arlie
Junior Mick, contend the absence of this
washer caused the left front wheel to
lock while rounding a curve on Route 14
in Kanawha County, West Virginia. The
automobile, driven by Jarrell, went over
an embankment injuring both Jarrell
and Mick. From a verdict for Ford Mo-
tor Company they appeal.

Appellants' first argument is
that the undisputed physical facts sur-
rounding the accident negate any oral
testimony and exhibits which show that
the compression washer was on the 1958
Ford automobile at the time it went over
the embankment. Therefore, they claim
the jury verdict should be set aside.

An examination of the record clearly
indicates that testimony on this point
was in sharp disagreement. Experts pro-
duced by both parties were in direct con-
flict as to their analysis of the physical
facts and their respective conclusions.
The trial judge's charge directed the
jury's attention to its duty to resolve
this dispute. The charges on credibility
and expert opinion, as well as on the
issues to be decided, were comprehensive
and to the point. We need not relate
the testimony of each side in support of
the different theories concerning how the
accident occurred to demonstrate what
inferences the jury might have drawn
from this conflict in testimony and evi-
dence. Suffice to say substantial evidence
was presented for the jury to reach a
verdict for the Ford Motor Company.
Where physical facts and evidence are
capable of two interpretations and rea-
sonable inferences therefrom can be
drawn by a jury, its verdict should not
be disturbed. Gallick v. Baltimore &
Ohio Railroad Company, 372 U.S. 108,
115, 83 S.Ct. 659, 664, 9 L.Ed.2d 618,
625 (1963); Lavender v. Kurn, 327 U.S.
645, 66 S.Ct. 740, 90 L.Ed. 916 (1946);
Tennant v. Peoria & P. U. Ry. Co., 321
U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520
(1944); Ahmann v. United Air Lines, 313
F.2d 274 (8 Cir. 1963); Pruett v. Mar-
shall, 283 F.2d 436 (5 Cir. 1960); Grepke
v. General Electric Company, 280 F.2d
508 (7 Cir. 1960); Utica Mutual Insur-
ance Company v. Rollason, 246 F.2d 105,
110 (4 Cir. 1957); Ohio Farmers Indem-
nity Co. v. Charleston Laundry Co., 183
F.2d 682 (4 Cir. 1950); Standard Oil

Co. of New Jersey v. Midgett, 116 F.2d 562 (4 Cir. 1941); and Smails v. O'Malley, 127 F.2d 410 (8 Cir. 1942). A jury must weigh contradictory evidence and inferences, pass on the credibility of witnesses and draw the ultimate conclusion as to the facts. When there is substantial evidence as here to support the verdict, even if the reviewing court might draw a different inference, the verdict should not be set aside.

■ The appellants' second contention is that the statements by the appellee's witnesses concerning the finding of the compression washer at the scene of the accident are inconsistent.

The appellee's witness, Robert Riding, at the first trial of this case, testified that he had picked up the washer after discovering it at the scene of the accident, but at the second trial he said that one Robert Byers had picked up the washer from the ground.

The matter of who actually reached down and took the washer from the grass is not, we conclude, a material fact. Any inconsistency present in Riding's testimony may have been brought out in appellants' argument to the jury or may have been used by the appellants to impeach the witness and discredit his testimony.

■ The appellants' third contention is that the trial court erred in admitting into evidence statements concerning the presence of the odor of alcohol on the breath of the appellants at the time of the accident and at the time they were examined at the hospital. A witness at the scene of the accident testified that he noticed the odor of alcohol as he helped free the appellants from the wreckage. Two physicians at the treating hospital testified on deposition of the same observation.

Evidence as to the intoxicated condition of a plaintiff at the time of the happening of an accident in a negligence action is relevant, material and admissible on the question of plaintiff's contributory negligence. 20 Am. Jur., Evidence, section 262, p. 252. While the authorities are not clear on the matter of odor of alcohol on the breath of an individual being sufficient evidence in itself of intoxication,* appellants cannot complain of the introduction of this evidence since their witnesses testified that appellants did not consume any alcoholic beverage before the accident. They, therefore, opened up the matter. The defendant rightfully introduced testimony to refute the suggestions of appellants' witnesses that there was no consumption of alcoholic beverages by the appellants. We also note a failure of appellants to object at the trial to the admission of the statements of either the eyewitness or the doctors.

As a fourth contention the appellants enumerate what they consider to be errors committed by the trial court.

(i)

■ Appellants say that the appellee's witness, Robert Riding, testified that he was accompanied by an attorney representing the appellants when the relevant auto parts were photographed. Appellants maintain that it was later brought to the trial court's attention that no one from the office of the attorneys representing the appellants went with Riding to the studio of the photographer, but that the court did not inform the jury of this.

The appellants say nothing of how failure to relate this matter to the jury prejudiced the appellants. The inference is that the jury may not have given as much weight to the photographs and to Riding's testimony had the court related to the jury that Riding was unaccompanied by appellants' representative when the parts were photographed. We will not speculate on the effect of the photo-

---

* Not sufficient in itself, see Critzer v. Donovan, 289 Pa. 381, 137 A. 665, 666 (1927); Laubach v. Colley, 283 Pa. 366, 370, 129 A. 88, 89 (1925); Chairez v. State, 98 Tex.Cr.R. 433, 265 S.W. 905 (1924). Sufficient in itself, see Maier v. Minidoka County Motor Co., 61 Idaho 642, 105 P.2d 1076 (1940). Sufficient to corroborate statements as to intoxicated condition, see Gaynor v. Atlantic Greyhound Corp., 183 F.2d 482 (3 Cir. 1950).

graphs on the jury's verdict. Even had these photographs been excluded, there was ample evidence for the jury to have found for the appellee. Again, the appellants could have used this alleged inconsistency in the witness' testimony to impeach him. They chose not to, nor did they object to the judge's supposed failure to tell the jury of the inconsistency.

### (ii)

■ Appellants maintain that the trial court in its instruction to the jury stressed and emphasized the evidence most favorable to the appellee and most detrimental to the appellants.

This contention is not substantiated by reference to any portion of the instructions, nor can we find any basis for it whatsoever from reading them.

Several additional purported errors in the court's charge are urged by appellants. But nowhere do appellants state what portion of this charge they find erroneous except as to a portion of the charge taken out of the context in reference to the possible finding of intoxication of the appellant, Jarrell. In addition, no exceptions to the charge were made and appellants are therefore foreclosed from raising these matters on appeal. Rule 51, F.R.Civ.P.; Crespo v. Fireman's Fund Indemnity Co., 318 F.2d 174 (9 Cir. 1963); Deveny v. Rheem Mfg. Co., 319 F.2d 124 (2 Cir. 1963); Atlantic Coast Line Railroad Co. v. Bennett, 251 F.2d 934 (4 Cir. 1958); Hidden v. Mutual Life Ins. Co., 217 F.2d 818 (4 Cir. 1954); Hite v. Western Md. Railway Co., 217 F.2d 781 (4 Cir. 1954). The purpose of Rule 51 is, in effect, to prevent such an approach as appellants take here.

In regard to appellants' complaint that the District Court failed to charge the jury concerning the appellee's breach of implied warranty, we note that the enactment of West Virginia statutes which adopt the Uniform Commercial Code does not go into effect until July 1, 1964.

For the foregoing reasons we affirm.
Affirmed.